## STREETER v. GREAT LAKES TRANSIT CORPORATION.
### No. 1188.

District Court, W. D. New York.

Dec. 23, 1942.

S. E. Sampliner, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

KNIGHT, District Judge.

Defendant moves to dismiss the complaint on the ground that the Statute of Limitation has run against the plaintiff's right of action.

The plaintiff was allegedly injured on November 3, 1939. Suit was commenced October 27, 1942. Federal Employers' Liability Act as amended August 11, 1939, Chapt. 685, § 2, 52 Stat. 1404, 45 U.S.C.A. § 56, extends the period of limitation from two to three years. The Merchant Marine Act, 46 U.S.C.A. § 688 (Jones Act) does not fix any time limit. It does, however, provide that in an action under it "All statutes of the United States modifying or extending the common-law right of remedy in cases of personal injury to railway employees shall apply; * * *". The defendant cites Benedict on Admiralty 6th Ed. vol. 4, p. 205, which, in substance, states that the time limit was not extended by the aforesaid amendment of 1939 to suits brought under the Jones Act and that the Jones Act refers to the Federal Employers' Liability Act as it stood on the statute books in 1920. It does not seem to me that this statement of Benedict is correct as to the law. The view taken herein is based both upon reason and authority. As was said in Kirby v. South Atlantic S.S. Co. of Del., D.C., 25 F.Supp. 477, 478: "The Merchant Marine Act, 46 U.S.C.A. § 688, and Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq., taken together, afford a right of action and prescribe a limitation upon such action."

As was said in Chisholm v. Cherokee-Seminole S.S. Corp., D.C., 36

F. Supp. 967, with reference to the provisions of the Jones Act: "This was remedial legislation which called for liberal construction. * * * It clearly was intended to cover later changes in the Employers' Liability Act." It was there held that the Jones Act incorporated by reference the provisions of the Employers' Liability Act, as amended. Gahling v. Colabee S.S. Co., D.C., 37 F.Supp. 759; and The Swiftarrow, D.C., 34 F.Supp. 541. The last-mentioned case was reversed on grounds other than those stated; Brown v. C. D. Mallory & Co. 3 Cir., 122 F.2d 98.

The defendant's motion must, therefore, be denied.