PATRICK J. ROYLE, Respondent-Appellant, v. STANDARD FRUIT & STEAMSHIP COMPANY, Appellant-Respondent, et al., Defendants.— Action under the Jones Act (U. S. Code, tit. 46, § 688) to recover damages for personal injuries to a seaman, alleged to have been caused by negligence. Cross appeals from order dated September 19, 1944, granting plaintiff's motion to strike from defendant Standard Fruit & Steamship Company's amended answer the defense based on a two-year Statute of Limitations, and its setoff and counterclaim, as modified by order dated January 23, 1945, granting reargument and, on reargument, denying that part of the original motion which sought to strike out the defense of payment, described as " set-off and counterclaim ". Orders insofar as appealed from affirmed, without costs. It appears from the language of the Jones Act that the intention was to include amendments to the Employers' Liability Act, such as that made by the act of August 11, 1939 (U. S. Code, tit. 45, § 56), increasing the period of limitation from two to three years. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur. [184 Misc. 348.]

HARRY B. SALE, Appellant, v. MONTROSE INDUSTRIAL BANK, Respondent, and PHILIP WOLLERSTEIN et al., Impleaded Defendants.— Plaintiff appeals from an order setting aside a verdict of a jury in his favor and dismissing his complaint and from the judgment entered pursuant to said order. Order modified on the law and the facts by adding to the first ordering paragraph after the word " evidence " the words " and a new trial granted ", and striking from such order the second and third ordering paragraphs, and as so modified the order is unanimously affirmed, without costs. Judgment modified on the law and the facts by adding to the first ordering paragraph after the word " evidence " the words " and a new trial granted " and by striking therefrom the second and fourth ordering paragraphs, and by striking from the third ordering paragraph the words " and it is further ". As so modified the judgment is unanimously affirmed, with costs to the appellant to abide the event. We agree with the finding of the trial court that the verdict was against the weight of the credible evidence but it was error to dismiss the complaint. Paragraph (b) of subdivision 1 of section 101 of the Alcoholic Beverage Control Law should not be construed to hold that the contract herein involved is illegal. There is no proof in this record that the money that was deposited by Wollerstein and Saft belonged to the Arrow Beer Corporation and there is no evidence in this record to establish that that contract was made on behalf of the Arrow Beer Corporation. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ. [179 Misc. 915.]

CLARIBEL F. STAEHR, Appellant, v. WALTER G. STAEHR, Respondent.— Order granting defendant's motion to modify the final judgment herein by reducing the amount of alimony from $25 a week to $10 a week reversed on the law and the facts, with $10 costs and disbursements, and the matter remitted to Special Term to send the matter to an official referee to ascertain the facts for the purpose of determining whether or not there should be any reduction in the alimony and, if so, to what extent. The claims of the defendant in respect of his gross earnings, his expenses and net earnings were of such a character that the request of the plaintiff that the matter be referred to an official referee should have been granted before action was taken upon the application to reduce the alimony. Especially should this course have been followed in view of the drastic reduction which was sought and allowed. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.