McALLISTER  *v.*  MAGNOLIA  PETROLEUM  CO.

No. 83.   Argued April 1, 1958.—Decided June 23, 1958.

*Arthur J. Mandell* argued the cause and filed a brief for petitioner.

*Frank C. Bolton, Jr.* argued the cause for respondent. With him on the brief were *Charles B. Wallace* and *Jack E. Earnest.*

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

The question in this case is whether a state court may apply its two-year statute of limitations to bar an unseaworthiness action that is joined with an action for negligence under the Jones Act.

Petitioner was a member of the crew of a vessel owned and operated by respondent. His back was injured Oct. 19, 1950, when he slipped and fell down a stairway leading from the lounge to the galley. He reported the injury, and the ship's log book supports his allegation that the steps were wet. At the termination of the voyage petitioner consulted a doctor about the pain and

stiffness in his back. Intermittent medical attention failed to arrest a deteriorating condition. In March 1953, a specialist in orthopedics diagnosed the difficulty as ruptured discs between the vertebrae. By July 6, 1953, petitioner could no longer perform his duties aboard respondent's vessel, and on that date he entered a United States Public Health Marine Hospital as an injured seaman. After his discharge he consulted an attorney and this state-court action was filed Aug. 27, 1953, in the District Court of Dallas County, Texas.

Petitioner claimed damages under the Jones Act for negligence[1] and under the general maritime law for unseaworthiness. He also asked for maintenance and cure under the general maritime law. He alleged that the portholes and deck at the head of the stairs were not watertight, that they allowed water to accumulate on the stairs, and that this condition was the proximate cause of his fall. Respondent's answer denied the allegations of negligence and unseaworthiness, and averred that petitioner's claims were barred by the pertinent statutes of limitations and by laches. The trial court ruled that the actions were not barred, and after hearing evidence submitted all three claims to the jury.[2] The jury returned special verdicts importing the following findings: Petitioner was injured while attempting to walk down the stairs in question; the portholes and deck above and near

---

[1] 46 U. S. C. § 688.

[2] Recent authorities have effectively disposed of suggestions in earlier cases that an injured seaman can be required to exercise an election between his remedies for negligence under the Jones Act and for unseaworthiness. *McCarthy* v. *American Eastern Corp.*, 175 F. 2d 724 (C. A. 3d Cir.); *Balado* v. *Lykes Bros. S. S. Co.*, 179 F. 2d 943 (C. A. 2d Cir.); *Williams* v. *Tide Water Asso. Oil Co.*, 227 F. 2d 791 (C. A. 9th Cir.). Cf. *Pope & Talbot, Inc.*, v. *Hawn*, 346 U. S. 406. See Gilmore and Black, The Law of Admiralty, §§ 6–23 through 6–25.

the stairs were not watertight; these defects were not due to the negligence of respondents; and the condition did not make the vessel unseaworthy.[3] Pursuant to these findings, the trial court entered judgment for respondent on the Jones Act and unseaworthiness counts, and awarded petitioner $6,258 for maintenance and cure.

Both parties appealed to the Texas Court of Civil Appeals. Respondent sought to overturn the award for maintenance and cure, but the trial court's decision in that respect was affirmed and that portion of the case is not before us. Petitioner took no appeal from the judgment so far as it concerned his claim under the Jones Act, so that portion of the case is also outside the scope of our review. Limiting his appeal to the unseaworthiness aspect of his case, petitioner assigned errors in admitting evidence and in instructing the jury. The Court of Civil Appeals found it unnecessary to rule upon these questions, for in its opinion the unseaworthiness action was barred by the two-year Texas statute of limitations pertaining to actions for personal injuries.[4] 290 S. W. 2d 313. The Texas Supreme Court refused petitioner's application for writ of error. In view of the importance of this ruling for maritime personal injury litigation in the state courts, we granted petitioner's motion for leave

---

[3] Because of its negative findings on unseaworthiness and negligence, the jury made no finding on whether the condition of the portholes and deck was the proximate cause of petitioner's fall. The jury did find that petitioner was not contributorily negligent, and that it would require $32,500 to compensate him for loss of earnings, diminished earning capacity, past and future medical expenses, and pain and suffering.

[4] "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

.       .       .       .       .

"6. Action for injury to the person of another." Vernon's Ann. Rev. Civ. Stat., Art. 5526.

to proceed *in forma pauperis,* and granted certiorari. 352 U. S. 1000.

In the view we take of this case it is unnecessary for us to decide the broad question of whether a state court is free to apply its own statutes of limitation to an admiralty right of action for which no special limitation is prescribed, or whether it is bound to determine the timeliness of such actions by the admiralty doctrine of laches.[5] For the reasons stated hereafter, we simply hold that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter. We think this is so whether the action is at law or in admiralty, in the state or the federal courts.

The appropriate period of limitations for this action must be determined with an eye to the practicalities of admiralty personal injury litigation. When a seaman is injured he has three means of recovery against his employer: (1) maintenance and cure, (2) negligence under the Jones Act, and (3) unseaworthiness. Without elaborating on the nature of these three actions, it is sufficient to say that they are so varied in their elements of proof, type of defenses, and extent of recovery that a seaman will rarely forego his right to sue for all three. But if the seaman is to sue for both unseaworthiness and Jones Act negligence, he must do so in a single proceed-

---

[5] The question of which limitation a state court must apply was reserved in *Engel* v. *Davenport,* 271 U. S. 33, 36. Lower courts are divided on the related question of which principles govern the limitation of admiralty actions on the law side of the federal court. Compare *Henderson* v. *Cargill, Inc.,* 128 F. Supp. 119; *Apika* v. *Pennsylvania Whsg. & Safe Deposit Co.,* 74 F. Supp. 819, 101 F. Supp. 575; *Untersinger* v. *Keystone Tankship Corp.,* 1948 A. M. C. 1899; with *Bonam* v. *Southern Menhaden Corp.,* 284 F. 360; *Oroz* v. *American President Lines,* 154 F. Supp. 241.

ing. That is a consequence of this Court's decision in *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316, which held that these claims were but alternative "grounds" of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete "bar" to his subsequent action for the same injuries under the Jones Act.

Since the seaman must sue for both unseaworthiness and Jones Act negligence in order to make full utilization of his remedies for personal injury, and since that can be accomplished only in a single proceeding, a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act. Congress has provided that a seaman shall have three years to bring his action under the Jones Act.[6] A state court cannot reduce that time by applying its own statute of limitations to such an action. *Engel* v. *Davenport,* 271 U. S. 33; cf. *Cox* v. *Roth,* 348 U. S. 207. As an essential corollary of that proposition, it may not qualify the seaman's Jones Act right by affixing a shorter limitation to his concurrent right of action for unseaworthiness.[7]

---

[6] See 46 U. S. C. § 688, which incorporates the statute of limitations under the Federal Employers' Liability Act, 45 U. S. C. § 56. When the Jones Act was adopted in 1920 the period of limitations for the FELA was two years. Some authorities have suggested that the Act of Aug. 11, 1939, 53 Stat. 1404, which extended the FELA period to three years, did not effect a similar extension for the Jones Act. *E. g.,* 3 Benedict, Admiralty (6th ed., Knauth, 1940), § 469. The contrary must now be taken to have been established. See *Cox* v. *Roth,* 348 U. S. 207, 210; *Pope* v. *McCrady Rodgers Co.,* 164 F. 2d 591, 592; *Streeter* v. *Great Lakes Transit Corp.,* 49 F. Supp. 466; *Gahling* v. *Colabee S. S. Co.,* 37 F. Supp. 759; *Royle* v. *Standard Fruit & Steamship Co.,* 269 App. Div. 762, 54 N. Y. S. 2d 778.

[7] Cf. *Le Gate* v. *The Panamolga,* 221 F. 2d 689 (C. A. 2d Cir.). In that case, a longshoreman brought a libel claiming damages for personal injuries caused by negligence or unseaworthiness. The District Court held both claims barred by laches. He was reversed as to un-

To be sure, the seaman's right of action under the Jones Act is not extinguished when a State imposes a two-year limitation on the right to sue for unseaworthiness for the same injury. But in view of the practical necessity of combining both claims in a single action, *Baltimore S. S. Co.* v. *Phillips, supra,* the unseaworthiness limitation effectively diminishes the time within which the seaman must commence his action under the Jones Act. The result falls short of affording seamen "the full benefit of federal law," *Garrett* v. *Moore-McCormack Co.,* 317 U. S. 239, 243, to which they are entitled when state courts undertake to adjudicate claims under the federal maritime law.

Because the state court thought petitioner's action was barred by the statute of limitations, it had no occasion to consider the assignment of error in connection with the trial judge's instructions on unseaworthiness. The parties have argued the matter, and in furtherance of what we deem to be sound judicial administration, *Weyerhaeuser S. S. Co.* v. *Nacirema Operating Co.,* 355 U. S. 563, 569, we rule on the question at this time. We think that the charges set out in the margin [8] were erroneous.

---

seaworthiness. The Court of Appeals held that if the negligence count were the only basis of liability the District Court would have been correct in holding it barred by laches. However, since libellant was going to have a trial on his unseaworthiness claim, the court thought it a "harsh result" to limit the scope of his suit. The cause was remanded for the District Court to reconsider the question of laches on the negligence count and respondent was given the burden of showing prejudice from inexcusable delay. And see *Cross* v. *Allen,* 141 U. S. 528 (laches will not bar suit in equity to foreclose mortgage so long as statute of limitations has not run on underlying debt); *United States* v. *Mack,* 295 U. S. 480, 489 ("Laches within the term of the statute of limitations is no defense at law.").

[8] "Special Issue No. 3 [and 14]. Do you find from a preponderance of the evidence that the portholes or windows in question [or the "deck above the galley"] not being in a watertight condition, if you

They carried the incorrect implication that petitioner could recover for unseaworthiness only if the defect was of such quality that it rendered the whole vessel unfit for the purpose for which it was intended.[9]  It is well settled that "the vessel and owner are liable to indemnify a seaman for injury caused by unseaworthiness of the vessel or its appurtenant appliances and equipment . . . ." *Mahnich* v. *Southern S. S. Co.*, 321 U. S. 96, 99.

The judgment of the Court of Civil Appeals of Texas is vacated, and the cause is remanded to it for proceedings not inconsistent with this opinion.

*It is so ordered.*

Mr. Justice Brennan, concurring.

While I join in the opinion of the Court, I believe it proper to add a few words because of the suggestion in the dissent that the Court intimates that the state statute would be applied were it longer.  I find no such indication in the Court's opinion.  Indeed, the theory of the Court precludes consideration of that problem.  The single question for decision is whether the Texas two-year statute of limitations was correctly applied to bar petitioner's

---

have so found in answer to special issue No. 2 [or No. 13], made the crew ship in question 'unseaworthy,' as defined herein?

"You are instructed that the term 'unseaworthy,' as used herein, means that a vessel with its appliances and fittings is not reasonably fit for the purposes for which it is being used."

[9] The jurors were puzzled over the meaning of this charge.  A short time after retiring to the juryroom they made the following inquiry of the trial judge: "In special issue 3 is the term unseaworthy referring to the vessel as a whole, or the three windows on the port side?"  Plaintiff thereupon requested the trial judge to instruct the jury that the term meant that "the portholes and their fittings are not fit for the purpose for which such portholes are used."  The court declined to instruct the jury further and answered their request by referring them to the definition in his charge, presumably the one quoted in note 8, *supra*.

claim for damages based on the unseaworthiness of his employer's vessel. More generally, the question is whether, in an action in a state court to enforce the seaman's federally created right to recover for unseaworthiness, the period of limitations for that action is governed by state or federal law.

In resolving this question the Court must touch upon the delicate problems of federalism inevitable in the working out of a viable scheme for enforcing federally created rights in state courts. Cf. *Testa* v. *Katt,* 330 U. S. 386. Where federal statutes, which create federal rights of action, do not include a period of limitations, it has been the practice of state and federal courts to apply state statutes of limitations. See *Campbell* v. *Haverhill,* 155 U. S. 610, 616; *Cope* v. *Anderson,* 331 U. S. 461. On the other hand, where a federal statute establishes a limitation period for the enforcement of federal rights, which period is an integral part of the right created, that limitation must be applied in actions brought in state courts, whether the state statute be longer, *Atlantic Coast Line R. Co.* v. *Burnette,* 239 U. S. 199, or shorter, *Engel* v. *Davenport,* 271 U. S. 33. This case has two factors which must be aligned with the pattern of those decisions. First, we deal with judicially created maritime rights, *Pope & Talbot, Inc.,* v. *Hawn,* 346 U. S. 406; second, we do not have an Act of Congress establishing a fixed period of limitations for enforcement of the right.

As to the first factor, that the remedy for unseaworthiness is judicially rather than legislatively created, it cannot fairly be considered pertinent to the problem of what period of limitations applies in state courts. As to the second, I do not believe that the absence of specific directions from Congress leads necessarily to the result that state statutes of limitations should apply in cases of this sort. The reason is that the considerations which in *Campbell* v. *Haverhill, supra,* and *Cope* v. *Anderson,*

*supra,* prompted resort to the state statutes do not apply at all here. Those cases represented intensely practical solutions to a practical problem in the administration of justice. In the absence of any comparable federal statute of limitations which might be applied, the Court had four choices: (1) No period of limitations at all; (2) an arbitrary period applicable in all like cases; (3) the flexible but uncertain doctrine of laches; and (4) state statutes of limitations. The state statutes were chosen by default.

No such default is necessary in this case since the Court can look elsewhere for the measure of the seaman's federal right to recover for unseaworthiness. Just as equity follows the law in applying, as a rough measure of limitations, the period which would bar a similar action at law, see *Russell* v. *Todd,* 309 U. S. 280, 287, I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U. S. C. § 688. This reference seems especially appropriate since the seaman's remedy for unseaworthiness under the general maritime law and his remedy for negligence under the Jones Act are but two aspects of a single cause of action. *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316.

It thus seems to me that the three-year limitation on the Jones Act remedy, 45 U. S. C. § 56, is the ready and logical source to draw upon for determining the period within which this federal right may be enforced. This period should be applied in an action for unseaworthiness brought in a state court, just as it would be applied by the state courts in actions brought under the Jones Act, *Engel* v. *Davenport, supra.* Such a result would be in harmony with the practice in federal admiralty courts of applying state statutes of limitations in enforcing state-created rights. *Western Fuel Co.* v. *Garcia,* 257 U. S. 233. The alternative of subjecting the parties' rights to the variant state statutes of limitations and the consequent uncer-

tainty of legal obligation would inject an unnecessarily sporting element into the affairs of men. Cf. *Guaranty Trust Co.* v. *York,* 326 U. S. 99. The mischief to be avoided is the possibility of shopping for the forum with the most favorable period of limitations. In actions arising at sea, frequently beyond the territorial bounds of any State, normal choice-of-law doctrines are likely to prove inadequate to the task of supplying certainty and predictability.

Since we are not advised that the Texas statute of limitations is anything more than a statute of repose, and since application of the state statute of limitations would be disruptive of the desired uniformity of enforcement of maritime rights, *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Garrett* v. *Moore-McCormack Co.,* 317 U. S. 239, the state statute of limitations cannot be applied to bar petitioner's claim for unseaworthiness.

MR. JUSTICE WHITTAKER, with whom MR. JUSTICE FRANKFURTER and MR. JUSTICE HARLAN join, dissenting.

With all respect, I feel compelled to express my disagreement with the Court's holding "that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter."

Although both are federal laws, each creates a separate and independent cause of action for conduct not covered or made redressable by the other, though both are designed for the one purpose of authorizing, within their respective terms, recovery of damages by a seaman for a bodily injury suffered in the course of his employment. Under the maritime law of unseaworthiness the owner warrants the vessel, its appliances and gear to be free of defects, and is liable to pay damages to a seaman for an injury occasioned by a breach of the warranty. This

is so even though "negligence of the officers of the vessel *contributed to its unseaworthiness* [for their negligence] is not sufficient to insulate the owner from liability for . . . *failure to furnish seaworthy appliances* . . . ." *Mahnich* v. *Southern Steamship Co.,* 321 U. S. 96, 100–101. (Emphasis supplied.) But "before the Jones Act the owner was, in other respects, not responsible for injuries to a seaman caused by the negligence of officers or members of the crew." *Id.,* at 101.

To fill the gap in the owner's liability, by making him liable for the operating negligence of officers and members of the crew, Congress passed the Jones Act in 1920, which, in pertinent part, provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply . . . ." 46 U. S. C. § 688.

That Act, thus, incorporated the provisions of the Federal Employers' Liability Act,[1] § 1 of which [2] creates a liability upon the carrier for "injury or death resulting in whole or in part from *the negligence of any of the officers, agents, or employees of such carrier,* or by reason of any defect or insufficiency, *due to its negligence,* in its . . . boats, wharves, or other equipment" (emphasis supplied), and § 6 [3] provides, in pertinent part, that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

---

[1] 45 U. S. C. § 51 *et seq.*

[2] 45 U. S. C. § 51.

[3] 45 U. S. C. § 56.

This makes clear that the maritime law of unseaworthiness imposes an unqualified liability upon the owner to pay damages to a seaman for injuries sustained through the owner's failure to keep the vessel, its appliances and gear in that safe and sound condition colloquially called "ship-shape," and that the Jones Act, on the other hand, supplements the maritime law of unseaworthiness by imposing a liability in tort upon the owner to pay damages to a seaman injured *by negligence* of the officers or members of the crew *in the operation* of the vessel, its appliances and gear.

By the Jones Act, then, Congress created a new cause of action, not then known to maritime law, for damages for a bodily injury to a seaman caused by "the negligence of any of the officers, agents, or employees of such carrier," and required any suit thereunder to be brought within three years. But Congress has fixed no limitation upon the time within which an action for damages for unseaworthiness must be commenced.

Numerous decisions of this Court have established that, in a suit to enforce a federally created right which is silent on the matter of limitations, the applicable period of limitations is that prescribed by the law of the State in which the action is brought. *Cope* v. *Anderson,* 331 U. S. 461, 463; *Holmberg* v. *Armbrecht,* 327 U. S. 392, 395; *Rawlings* v. *Ray,* 312 U. S. 96, 97; *Chattanooga Foundry* v. *Atlanta,* 203 U. S. 390, 397; *McClaine* v. *Rankin,* 197 U. S. 154, 158, and *Brady* v. *Daly,* 175 U. S. 148, 158. The Court's opinion, holding that, where an action for unseaworthiness is combined with an action under the Jones Act, a court cannot apply to the former "a shorter period of limitations" than Congress has prescribed for the latter, recognizes this rule but permits it to be applied *only* to an unseaworthiness action which is *not* conjoined with a count for negligence under the Jones Act, *or* to an unseaworthiness action which *is* conjoined

with a count for negligence under the Jones Act *if* brought in a State whose laws provide an equal or longer period than Congress has provided for the commencement of a negligence action under the Jones Act. This seems quite inconsistent. We know that many States provide a longer period, and others a shorter period, for the commencement of a suit for unseaworthiness than is provided by Congress for the commencement of an action for damages for negligence under the Jones Act. I cannot escape the conviction that the long-established rule, expressive of the meaning of the silence of Congress in fixing a statute of limitations, should be enforced in all unseaworthiness cases or in none. I am therefore unable to see why, as the Court argues, "a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act" or, transposing—as I think more proper—the names of the laws as used in the Court's argument, why "a time limitation on the [Jones Act] claim effects in substance a similar limitation on the right of action [for unseaworthiness]," *i. e.*, extends it to three years when, as here, the applicable state statute prescribes a limitation of two years.

It is quite true, as the Court points out, that *Baltimore Steamship Co.* v. *Phillips,* 274 U. S. 316, holds that an action for damages for unseaworthiness and an action for damages for negligence under the Jones Act must be conjoined in the same suit inasmuch as they both look to redress of the same bodily injury, and that otherwise a final judgment on the one would bar an action on the other under principles of *res judicata.* But I think this is not to say, as the Court argues, that a time limitation upon the one "effects in substance a similar limitation" upon the other. Surely a seaman may not, in such a suit, maintain a count for unseaworthiness which is barred by the applicable limitations of the State, any more

than he may maintain a count for damages for negligence under the Jones Act which is barred by the applicable three-year federal statute. It would seem just as clear that he may maintain both counts in the same suit only if neither is barred by limitations as it is that he could not maintain an action on either count if both were so barred.

I, therefore, believe that the Court is in error in holding that "where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former *a shorter period of limitations* than Congress has prescribed for the latter" (emphasis supplied), for, as observed, a state court, in an unseaworthiness action, is bound to apply the period of limitations prescribed by the law of the State in which it sits, not only in instances where that period is equal to or longer, but also where it is shorter, than the three-year period prescribed by Congress for commencing a negligence action under the Jones Act—which Act, I think, is quite immaterial to the question. However desirable coterminous and uniformly applicable periods of limitations may be in these two coordinate federal laws, accomplishment of that change in the law is not properly for us, but for Congress.

Here petitioner joined in his suit, brought in a Texas court, a count for unseaworthiness with a count for negligence under the Jones Act, but he did not bring the suit within the two-year period of limitations applicable to unseaworthiness actions as prescribed by the law of that State. Therefore, I think the Texas Court of Civil Appeals was correct in holding his unseaworthiness count to be barred for that reason, and I would affirm its judgment.