John DANIELS, Plaintiff,

v.

STATES MARINE CORPORATION OF DELAWARE, Defendant.

Civ. A. No. 9622.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 7, 1960.

George W. Reese, Jr., Jerome P. Halford, New Orleans, La., for plaintiff.

Terriberry, Rault, Carroll, Martinez & Yancey, Andrew T. Martinez, New Orleans, for defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff, a longshoreman, was injured when a rope sling parted, allowing several one-hundred-pound sacks of soybeans to fall on him, in the hold of the S. S. Hoosier State. States Marine Corporation, owner of the Hoosier State, has moved to dismiss on the ground that this action, though based on the general maritime law,[1] is time barred under Article 3536 of the LSA–Civil Code.[2] In the alternative, defendant asserts that if the time limitation of this action is to be determined by the doctrine of laches, in spite of the fact that its jurisdictional basis in this court is diversity of citizenship,[3] then the proper statute of reference is still Louisiana law prescribing the limitation period of one year.

The federal judiciary has long been plagued with limitation defenses in civil actions based on the general maritime law. Some courts have held that since there is no federal limitation statute governing such actions, the limitation law of the state wherein the federal court is sitting governs.[4] Other courts have reached the same result by applying the principle of laches,[5] using the limitation law of the forum state as a guide.[6]

1. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

2. Article 3536 provides a one-year limitation on tort actions. This suit was filed on December 18, 1959. The accident occurred on June 17, 1957.

3. See Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368.

4. Bonam v. Southern Menhaden Corporation, D.C.Fla., 284 F. 362; Oroz v. American President Lines, D.C.N.Y., 154 F. Supp. 241.

5. Henderson v. Cargill, Inc., D.C.Pa., 128 F.Supp. 119; Apika v. Pennsylvania Warehousing & Safe Deposit Co., D.C. Pa., 74 F.Supp. 819; Untersinger v. Keystone Tankship Corp., D.C.Pa., 1948 A. M.C. 1899.

6. But see Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31.

This state of the jurisprudence has resulted in much forum shopping, with the result that many claims are filed in courts distant from the districts in which they arose in order to obtain the benefit of more liberal state limitation statutes. And the problem of choosing the proper statute of reference is often further complicated by the transfer of the case, under 28 U.S.C. § 1404(a), to the district where it should have been brought in the first place.

This confusion has now been cleared as to cases based on the general maritime law when such claims are joined with a claim under the Jones Act. In McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272, the Supreme Court held that the proper statute of reference for such claims when so brought is the three-year limitation period applicable to the Jones Act.[7] The court stated that to allow state statutes to bar a seaman's general maritime claim in a shorter period would deny seamen the full benefit of federal law. McAllister v. Magnolia Petroleum Co., supra, 357 U.S. 226, 78 S.Ct. 1201.

It is true that the plaintiff here is not a seaman. At the time of his accident, however, he was doing seamen's work and, consequently, he is entitled to the same protection as seamen, at least insofar as the warranty of seaworthiness is concerned. Seas Shipping Co. v. Sieracki, supra. Since a seaman is entitled to a three-year statute of reference under his warranty of seaworthiness claim, it would be anomalous to hold that a person doing a seaman's work and making a similar claim is not. This result has the added virtue of providing the same statute of reference for all such claims, irrespective of the court in which asserted. Moreover, it is one which would appear acceptable to the Congress[8] and the Supreme Court. McAllister v. Magnolia Petroleum Co., supra.

Denied.

7. 45 U.S.C.A., § 56, via 46 U.S.C.A. § 688.

8. See Note 7.