Antonio MOLIS, Jr., Appellant,

v.

ORE NAVIGATION CORPORATION,
Appellee.

No. 14323.

Court of Civil Appeals of Texas.

Houston.

Sept. 24, 1964.

Rehearing Denied Oct. 8, 1964.

Schwartz & Lapin, Newton B. Schwartz, Frank C. Herzog, Houston, for appellant.

B. D. McKinney, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellant was a member of the crew of the SS Bethflor that was operated by appellee, which was a subsidiary of the Bethlehem Steel Corporation. He was injured on May 21, 1961. He sued to recover damages, alleging the vessel was unseaworthy and also that appellee, through its employees, was guilty of negligence. A jury acquitted appellee of negligence; found the occurrence was an unavoidable accident; found that a cable used to raise and lower sky-lights broke but the cable was not unseaworthy. The court rendered judgment that appellant take nothing.

Appellant contends that there is no evidence to support the jury's finding that it

did not find from a preponderance of the evidence that the cable was unseaworthy. He also contends that such finding was contrary to the overwhelming weight and preponderance of the evidence. While we can pass on the question as to whether there is any evidence of probative force to support the finding, we are precluded in a case of this kind from passing on whether it is contrary to the overwhelming weight and preponderance of the evidence. Gulf C. & S. F. Ry. Co., v. Deen, 317 S.W.2d 913 (S.Ct.).

The evidence bearing on the question of seaworthiness of the cable is quite meager and is undisputed. About 30 feet above the engine room are some sky-lights. They serve, when open, to admit air into the engine room. Attached to each sky-light is a cable. The cable runs through a pulley and extends down to a point on a bulkhead in the engine room where it can be reached by a member of the crew. Attached to the cable at this point is a counterweight which weighs about 85 pounds. The cable is made of twisted strands of steel and is about ¼th of an inch in diameter. To raise a sky-light a person pulls down on the counterweight. One duty of appellant was to raise and lower the sky-lights. The counterweight is on tracks that are affixed to the bulkhead. Shortly before attempting to raise the sky-lights they had been closed by appellant due to a rain that had come up. Apparently in closing them by lifting on the counter-weights, they were closed without incident. On May 21 appellant was in the process of raising the sky-lights. Two of them had been raised without incident. In attempting to raise the third one, appellant placed both of his hands on the counterweight and pulled downward. It came down only about a foot. He raised it and on the second pull it came down a little less. He pushed it up and on the third pull the cable broke. Appellant says the "whole thing" came off the wall and in trying to keep the weight from falling on him he injured his back. No one but appellant was present at the occurrence. In response to requests for admissions appellee admitted that the cable broke. We have no testimony showing the condition of the cable. The appellant did testify that when he came up to the cable it looked all right to him. He did not inspect it; such was not his duty. What the defect was, if there was any, is not shown. Whether there was a defect is left to inference. The testimony of appellant is that he was handling the raising of the sky-light in the usual and proper manner. We think this is established also by the admission of appellee.

We are squarely confronted with the question as to whether the above facts establish as a matter of law that the cable was unseaworthy.

It is settled law that a ship owner is under an absolute duty to furnish and maintain a seaworthy vessel, equipment, appliances and appurtenances. Negligence or not by the owner or its employees is not material on the issue of unseaworthiness. Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561; Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941. This does not mean, however, that the ship owner is an insurer. The ship, appliances, etc., are not required to be perfect but they must be *reasonably* fit for their intended purpose. In a case where it is charged that a particular appliance or appurtenance is unseaworthy it must be determined whether that particular appliance or appurtenance was reasonably fit for its intended use. McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272.

In the case of Mitchell v. Trawler Racer, Inc., supra, the Supreme Court, after stating negligence was not material on the issue of unseaworthiness but the owner owed an absolute duty to furnish a seaworthy ship, appliances and appurtenances, said:

"What has been said is not to suggest that the owner is obligated to furnish an accident-free ship. The duty is absolute, but it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. The standard

is not perfection, but reasonable fitness; * * *."

From the above holdings it will be seen that we must determine whether under the undisputed evidentiary facts the only reasonable inference that can be drawn is that the cable was not reasonably fit for the purpose for which it was intended. We have concluded that we cannot. Even though we might feel that the most reasonable inference is that it was unseaworthy, we are precluded from making such inference. If different reasonable inferences might be made, there is a fact question and the jury has settled that by its finding of seaworthiness.

We have read all of the cases cited us and many which we have found on search that deal with the question of seaworthiness. The effect of them all is to say that "ordinarily" seaworthiness is a question of fact. While by the use of the term "ordinarily" the courts leave the implication that there may be evidentiary facts that permit of only the inference of unseaworthiness, we have found no case where the courts have held unseaworthiness as a matter of law. We notice specifically only those cases which we find not different in any material respect from the facts before us because in such cases the courts have held there was a fact question despite the fact that we feel that clearly the most reasonable inference would have been that there was unseaworthiness. They did not hold, however, that such inference was compelled.

In the case of Petterson v. Alaska S. S. Co., 205 F.2d 478 (9th Cir.), aff'd 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, a longshoreman was injured when a block used in loading cargo broke. The evidence merely showed that the block was being used for the purpose for which intended; that it was being used in a "customary and usual" manner; and that it broke, causing the injuries. The trial court had held the owner not liable because it was not shown the block was brought on board by the owner. The Court of Appeals held this made no difference and proceeded to infer as an ultimate fact from the undisputed evidentiary facts that the block was unseaworthy. It stated that in admiralty it had the right to find ultimate facts from evidentiary facts where credibility of witnesses was not involved. The part of the holding that is of particular significance in the case before us is that the court had, as do we, a situation where an appliance was being used in a usual and customary manner for the purpose for which it was intended and it broke. There was no evidence showing the condition of the block, that is, whether it was defective or not. In drawing the factual inferences of unseaworthiness, the Court said:

"But an admiralty appeal is a trial de novo * * * and this court may make its own inferences from the facts as found where it does not upset the findings based upon the credibility of witnesses. If the block was being put to a proper use in a proper manner, as found by the district judge, it is a logical inference that it would not have broken unless it was defective—that is, unless it was unseaworthy."

The court did not hold unseaworthiness as a matter of law.

In the case of Jefferson v. Taiyo Katun, K. K. et al., 310 F.2d 582 (Fifth Cir.), cert. denied 372 U.S. 967, 83 S.Ct. 1091, 10 L.Ed. 2d 130, dunnage had been placed on top of barrels that were a part of the cargo. While stowing cotton in one of the holds the injured party, with other members of the crew, was walking on the dunnage and the dunnage board broke. The trial court had refused to hold as a matter of law that the dunnage was unseaworthy, and the jury found it was seaworthy. The Court of Appeals was called on to determine whether these facts showed unseaworthiness as a matter of law. In holding in the negative, the court said:

"The sole question for us to determine is whether, as a matter of law, the vessel was unseaworthy and the

appellant was entitled to an instructed verdict on liability. It will be a rare case where the issue of unseaworthiness as the proximate cause of an injury is to be resolved for or against a ship-owner as a matter of law. * * * This is not such a case * * *."

Under the facts of this case we feel that the most reasonable inference is that the cable was unseaworthy but no such conclusion is by reason compelled.

It is asserted that the jury was guilty of misconduct in various respects. Most of the alleged misconduct related to damages that is immaterial in the light of our action sustaining the jury's answer finding the cable seaworthy. As to the other asserted grounds of misconduct, it suffices to say that the evidence relied on by appellant to establish misconduct is vague and indefinite and also whether it occurred is disputed by the evidence. There is evidence to support the implied finding of the court that misconduct did not occur.

The Points of Error complaining that the court should have sustained appellant's objections to the definitions of "seaworthiness" and "proximate cause" are overruled. We are unable to find in the record where any such objections were made in the trial court. We do find a definition of the term "seaworthy" requested by appellant. However, the definition given by the court is sufficient.

■ Appellant complains of the failure of the court to submit its specially requested issues asking if appellee failed to provide a safe place to work, whether such was negligence and if so whether it was a proximate cause of the injury. There was no error in this because the court submitted special issues on failure to inspect the cable and failure to keep it in good repair and whether these failures were negligence and any of them was a proximate cause. These issues covered every specific act of appellee raised by the evidence that would make the place one unsafe in which to work. They adequately presented all grounds of liability

asserted by appellant based on negligence. We think all controlling issues were fairly submitted.

The judgment of the trial court is affirmed.