Eva Jane THOMAS, Administratrix, Estate of William Ira Thomas, Jr.,
Deceased

v.

C. J. LANGENFELDER & SON, INC.,
a body corporate.

Civ. A. No. 21394–M.

United States District Court,
D. Maryland.

March 18, 1971.

John J. O'Connor, Jr., and O'Connor & Preston, Baltimore, Md., for plaintiff.

Herbert F. Murray and Michael A. Pretl, Baltimore, Md., for defendant.

JAMES R. MILLER, Jr., District Judge.

This action was filed on November 6, 1969, under the general maritime law and the Jones Act, Title 46 U.S.C. § 688. Plaintiff is the administratrix of the estate of William Ira Thomas, Jr. and is decedent's widow. The defendant is a Maryland corporation which, according to the complaint, " * * * owns and operates a fleet of tugs, scows, barges and other craft, included among which was the tug, motor boat or towboat, the 'Emma'. "

The plaintiff alleges that at 3:30 p.m. on May 15, 1967, while decedent was employed aboard the "Emma" as a crewmember,[1] the vessel sank during the course of a violent storm causing the decedent to be thrown into the St. Mary's River (located in Maryland) where he died either from exposure or by drowning.

In plaintiff's first cause of action, she alleges seventeen (17) acts of negligence on the part of the defendant, under the provisions of the Jones Act. The second cause of action alleges a wrongful death action under the general maritime law doctrine of unseaworthiness. The third cause of action is to recover wages due the decedent prior to his death, and the fourth cause of action is to recover for pain and suffering of the decedent prior to his demise. Plaintiff is seeking damages of $450,000, plus accrued wages, and interest and costs.

---

1. Defendant in its answer asserts that decedent was in fact the captain of the vessel. For the purposes of this opinion, the decedent's status of captain is immaterial.

On the motion of the defendant, Judge Harvey of this court on February 13, 1970, dismissed the second count of the complaint, sounding in unseaworthiness. That action was correctly based upon the holding of Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930). Noting that the Court had previously held in The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), that there was no right under general maritime law to recover for the wrongful death of a seaman caused by the unseaworthiness of his vessel, Mr. Justice Sanford in *Lindgren* declared for the Court that the Jones Act superseded the application of state wrongful death statutes and that it therefore was the sole and exclusive remedy for the dependents of a seaman who is killed in the course of the performance of his duties on the navigable waters of a state.

Subsequent to Judge Harvey's ruling, however, the United States Supreme Court decided Moragne v. States Marine Lines, Inc., et al., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, on June 15, 1970. There, the Court expressly overruled *The Harrisburg, supra,* and stated that general maritime law *does* afford a cause of action for wrongful death.

Based on the "new" cause of action recognized by the Supreme Court under the holding in *Moragne,* plaintiff filed a "Motion to Reconsider and Set Aside Order of Dismissal" wherein plaintiff wishes to have her *original* second cause of action reinstated in her complaint.

Defendant, in opposition to this move, asserts that plaintiff is barred by the equitable doctrine of laches and desires this court to apply a rule of thumb by using, or "borrowing," the time limitation contained in the Death on the High Seas Act, 46 U.S.C. § 763, or in the alternative, that which is found in the Maryland Wrongful Death Statute, Article 67, § 4(a), Maryland Annotated Code (1970 Replacement Volume). The time limitation in both statutes is two years.

Although defendant contends that the *Moragne* decision " * * * expressly borrowed the limitations period from the state or analagous federal statute [Maryland Wrongful Death Statute or the Death on the High Seas Act] * * *," this court is not so persuaded. In *Moragne, supra,* at page 406, 90 S.Ct. at page 1791, the Supreme Court, after discussing the problem of laches and the time period to apply for the "new" wrongful death claim, declared:

> "We need not decide this question now, because the present case was brought within a few months of the accident and no question of timeliness has been raised."

Thus, with the Supreme Court declining to settle this issue, at the writing of *Moragne,* this court must solve the issue by applying accepted maritime law to actions for wrongful death.

This court believes that McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), furnishes the solution to the present controversy. In that case, a state court sought to apply its two-year statute of limitations to bar an unseaworthiness claim brought by an injured seaman, who joined that action with an action for negligence under the Jones Act. Chief Justice Warren, speaking for the Court, stated:

> " * * * we simply hold that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter. We think this so *whether the action is at law or in admiralty, in the state or the federal courts.*" (at p. 224, 78 S.Ct. at p. 1204) [Emphasis supplied].

Therefore, the Court in *Magnolia* applied the three (3) year limitation provision of the Jones Act and refused to apply the lesser two (2) year period of limitations.

The rationale of *Magnolia* stems from the fact that a Jones Act count based on negligence and a general maritime count based on unseaworthiness are but alternative grounds for recovery for a single

cause of action resulting from the injury of a seaman and that, therefore, the counts must be joined in a single proceeding if the claimant desires to rely upon them alternatively. This being so, the Court reasoned in *Magnolia*, to require the general maritime count to be governed by a state imposed limitations period which is shorter than that set forth in the Jones Act would, in effect, bind the Jones Act claimant to a limitations period shorter than that set forth in the Jones Act, thereby impermissibly thwarting the will of Congress.

This court believes that the rationale of *Magnolia* is equally applicable to the question here presented. As was stated in *Moragne, supra*, 398 U.S., at page 399, 90 S.Ct. 1772, the unseaworthiness doctrine has become the principle vehicle for recovery by seamen for injury or death, the language of the Court seeming to accept that in death cases, as well as in injury cases, a negligence count under the Jones Act and an unseaworthiness count under general maritime law are merely alternative remedies for the same cause of action. Cf. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). In a case such as the present one, therefore, to allow a state wrongful death statute period of limitations which is shorter than the Jones Act limitations period to determine the time when an unseaworthiness count combined with a Jones Act count may be filed would be equally as oblivious to the will of Congress as the allowance of the Texas statute of limitations in *Magnolia* would have been.

■ Nor is there any reason to apply the limitations period of the Death on the High Seas Act. The purpose of that Act, 46 U.S.C. § 761 et seq., was to afford a uniform right of action for the death of seaman and others arising from wrongful acts within the admiralty jurisdiction outside of state territorial waters. The Tungus v. Skovgaard, 358 U. S. 588, 590–591, 593, 79 S.Ct. 503, 3 L. Ed.2d 524 (1959). In the present case it is admitted that the cause of action arose in the territorial waters of the State of Maryland, and not on the high seas.

The Court in *Moragne* strongly declared the desirability of uniformity in the exercise of admiralty jurisdiction and expressed its belief, on page 401, of 398, U.S., on page 1788 of 90 S.Ct. that its ruling therein would " * * * assure uniform vindication of federal policies, removing the tensions and discrepancies that have resulted from the necessity to accommodate state remedial statutes to exclusively maritime substantive concepts." Accordingly, there is no reason, in the light of *Moragne*, to treat a wrongful death claim based on unseaworthiness occurring within state territorial waters any differently than a personal injury claim based on unseaworthiness where it clearly is joined with a Jones Act count based on negligence.

■ Since the plaintiff's complaint herein was filed within three years of the date when the cause of action arose and contains a count based on the Jones Act as well as a count based on unseaworthiness, the doctrine of laches does not militate against the reinstatement of the unseaworthiness claim. McAllister v. Magnolia Petroleum Co., *supra*; cf. Giddens v. Isbrandtsen Co., 355 F.2d 125 (4th Cir. 1966). For the reasons stated, the court will sign an order granting the motion of the plaintiff to reconsider and set aside the order of February 13, 1970, dismissing the second count of the complaint. Counsel are directed to confer and present to the court an appropriate order in accordance with this opinion.