**ASHLAND OIL, INC., Plaintiff,**

v.

**MADISON COAL & SUPPLY COMPANY, INC., et al., Defendants.**

Civ. A. No. 77–3125.

United States District Court,
S. D. West Virginia,
Huntington Division.

Nov. 20, 1978.

**998**

R. G. McNeer, Huntington, W. Va., for plaintiff.

Norman K. Fenstermaker, Howard F. Meek, Huntington, W. Va., for defendants.

### ORDER

HADEN, District Judge.

Plaintiff brought the above styled civil action within the admiralty and maritime jurisdiction of the Court and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff seeks relief for damages to its barges and for loss of cargo which Plaintiff alleges occurred as a result of the unseaworthiness of the vessels involved in this action and the negligent acts of Defendants.

Presently pending before this Court is a motion to dismiss on behalf of Defendants Madison Coal & Supply Company, Inc., an Indiana corporation, and the M/V J. S. Lewis. In support of their motion, Defendants contend that Plaintiff is guilty of laches for not having filed this action within two (2) years from the date on which the incident occurred.

"Laches is sustainable only on proof of both of two elements: '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense'." *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 127 (4th Cir. 1966), quoting *Costello v. U. S.*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). In *Giddens*, the Fourth Circuit held that the defendant is entitled to an inference of inexcusable delay and prejudice if he can show that the action was not commenced within the statutory time-parallel of laches. The issue before Court is whether Defendant may rely upon the two year statute of limitations as provided by *W.Va. Code*, 1931, 55–2–12, as amended, as the appropriate statutory time-parallel in affording himself the inference previously mentioned.

In deciding this motion the Court is guided by the principles laid down by Judge Bryan in *Giddens v. Isbrandtsen, Co.*, 355 F.2d 125 (4th Cir. 1966). That case involved an action by a longshoreman against a shipowner for personal injuries resulting from a maritime tort. *Giddens*, like Ashland Oil in the present case, based his action for damages on the shipowner's negligence and the vessel's unseaworthiness. Also like Plaintiff in the present case, *Giddens* instituted his action after the elapse of two years but within three years of the date of injury.

The United States District Court for the Eastern District of Virginia held that laches as a bar to recovery of damages for a personal injury resulting from a maritime tort should be determined largely by reference to the Virginia two (2) year statute of limitations; and that since the suit was filed more than two years after the accident, there was a presumption that the delay was inexcusable and the shipowner prejudiced. The District Judge dismissed the action upon a finding that the presumption had not been rebutted.

On appeal the Fourth Circuit reversed. The Court stated that while state statutes of limitations are not immaterial in determining whether laches is a bar, when advertence to a statute is desirable, the three year statute of limitations in the Jones Act, 46 U.S.C. § 688, is the more appropriate analogue. *Giddens v. Isbrandtsen, supra.* Finding that the defendant could not avail itself of a presumption of prejudice and inexcusable delay, the Court held that the shipowner had not met its burden.

Applying the Jones Act three year statute of limitations in determining whether an unseaworthiness claim is barred has been held mandatory by the United States Supreme Court where the unseaworthiness claim is combined with a Jones Act claim

that arose out of the same occurrence. *McAllister v. Magnolia Petroleum Co.,* 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958).

 Although both of the above cited cases dealt with personal injury claims— and the Court takes special note of Judge Bryan's statement in *Giddens,* that his conclusions are confined to personal injury actions—the Court nevertheless feels that a similar period of limitations should apply to the unseaworthiness claim at bar as well in determining whether Defendant is entitled to an inference of prejudice and inexcusable delay.

The Court is supported in its conclusion by the language of Justice Brennan in his concurring opinion in *McAllister v. Magnolia Petroleum Co., supra.* Justice Brennan stated:

"Just as equity follows the law in applying, as a rough measure of limitations, the period which would bar a similar action at law, see *Russel v. Todd,* 309 U.S. 280, 287 [60 S.Ct. 527, 84 L.Ed. 754], I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688." 357 U.S. at 229, 78 S.Ct. at 1206.

Although Justice Brennan was speaking with particular reference to the personal injury claim which was the subject of *Magnolia,* this Court sees no valid reason to establish a shorter time frame for unseaworthiness claims where a personal injury claim is not involved.

The Court agrees with Judge Bryan that state statutes of limitations were not adopted with admiralty circumstances in mind, and that where Congress, the final authority on remedies in admiralty, has spoken, it has provided for a period of three years in which to bring suit.

In making this determination the Court is mindful that there is no federal statute of limitations applicable to admiralty actions for unseaworthiness, *Giddens v. Isbrandtsen, supra,* and the Court is not attempting to establish the appropriate statutory time

parallel for laches in unseaworthiness claims not coupled with personal injury or Jones Act claims. This Order reflects only the Court's conclusion that the two (2) year period of limitations as provided by *W.Va. Code,* 1931, 55–2–12, as amended, is not a sufficient time period so as to afford Defendants an inference of inexcusable delay or prejudice.

In making their motion Defendants have relief solely on the fact that the claim was not filed within two (2) years from the date on which the incident occurred. Finding that this affords Defendants no inference of inexcusable delay or prejudice and finding nothing in the record that would indicate that Plaintiff's delay in filing the action was inexcusable or that the delay prejudiced Defendants, the motion must be denied.

For the foregoing reasons, it is hereby ORDERED that Defendants' motion to dismiss be, and the same is hereby, denied.