Mana S. NASSER, Plaintiff,

v.

HUDSON WATER WAYS CORPORATION, a foreign corporation, et al., Defendants.

No. C82–1154B.

United States District Court, W.D. Washington.

April 6, 1983.

Thomas S. Geisness, Seattle, Wash., for plaintiff.

Richard A. Montgomery of Bogle & Gates, Seattle, Wash., for defendants.

## ORDER

BEEKS, Senior District Judge.

Plaintiff contends that on September 10, 1979, he was injured on defendant vessel. On October 9, 1979, said vessel docked in Portland, Oregon. On October 6, 1982, plaintiff filed this action claiming damages under the Jones Act for negligence and under the General Maritime Law for unseaworthiness. Plaintiff contends (1) that defendants negligently failed to provide timely and proper medical care, (2) that defend-

ant vessel was unseaworthy because of a lack of adequate medical care aboard, and (3) that defendants owe maintenance at $8.00 per day from the day of his discharge until November 15, 1979. Defendant Hudson Water Ways Corporation moves for summary judgment dismissing plaintiff's claims as time-barred by statutes of limitations 46 U.S.C. § 688 (1976) (Jones Act, incorporating by reference 45 U.S.C. § 56 (1976)) and 46 U.S.C. § 763a (1980).

According to plaintiff's allegations, his original injury occurred on or about September 10, 1979. A Jones Act claim must be commenced within the statutory period of three years from the date of injury. 46 U.S.C. § 688 (1920); *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 224, 78 S.Ct. 1201, 1203–04, 2 L.Ed.2d 1272 (1958); `Petition of the United States*, 237 F.Supp. 434, 436 (E.D.N.C.1964), *aff'd*, 346 F.2d 449 (4th Cir.1964), *cert. den.*, 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1964). Since plaintiff did not file his Jones Act claim until October 6, 1982 (three years and twenty-six days after date of injury), his cause of action based upon the original injury of September 10, 1979 is barred. 46 U.S.C. § 688 (1976). Accordingly, defendant's motion for summary judgment is granted to such extent.

Plaintiff also alleges that defendants provided negligent medical care for plaintiff's injuries. More specifically, plaintiff contends that defendants misdiagnosed plaintiff's malady, administered inadequate medical care on board, and failed to evacuate plaintiff or to put into port in a timely manner so plaintiff could receive adequate medical care. Plaintiff contends that the failure to provide adequate medical care was an independent act of negligence governed by the Jones Act which did not accrue until after October 6, 1979. He also contends that the statute of limitations was tolled by the continuous nature of the defendants' tortious conduct in not providing adequate medical care or, alternatively, until a proper diagnosis of his ailment was obtained. Defendant does not challenge that plaintiff has a Jones Act cause of action for providing negligent medical care. Defendant contends, however, that any requests for medical attention that were wrongfully refused would constitute a separate tort, accruing at the time each wrongful refusal occurred. Defendant argues that defendants' wrongful refusal to provide medical care for the period of September 10 to October 6, 1979 is barred by the three year statute of limitations.

The court finds that plaintiff's cause of action for negligent medical care is not barred by the Jones Act's statute of limitations. The statute of limitations may be tolled until the tortious conduct ceases, on the theory that one should not be allowed to acquire a right to continue the tortious conduct. *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), *on remand*, 519 F.2d 59 (1975); *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 908 (8th Cir.1980). Where injury results from a negligent act and the injury continues by reason of continued negligence, a recovery may be had for damages caused by the continuing negligence although the cause of action for the original injury is time-barred. *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 907–908 (8th Cir.1980). Construing the facts most favorably for the nonmoving party, the statute of limitations for negligent care did not begin to run until the negligence ceased—i.e. the end of the voyage. Accordingly, defendant's summary judgment motion for dismissal of plaintiff's cause of action alleging negligent medical care is denied.

Plaintiff's unseaworthiness claim is an admiralty cause of action and consequently governed by the doctrine of laches. Laches consists of two elements: inexcusable delay in commencing the action, and prejudice resulting to the other party from such delay. *Sea Quest Marine, Inc. v. Cove Shipping, Inc.*, 474 F.Supp. 164, 167 (W.D. Wash.1979). Defendant states that it cannot presently show prejudice (Defendant's Reply Memorandum, page 5). Unless prejudice appears, plaintiff's claim cannot be

dismissed. *Espino v. Ocean Cargo Line, Ltd.*, 382 F.2d 67, 69 (9th Cir.1967). Accordingly, defendant's summary judgment motion to dismiss plaintiff's claim of unseaworthiness is denied.[1]

▮ Defendant invites the court to retrospectively apply 46 U.S.C. § 763a (1980) which would have the effect of barring plaintiff's unseaworthiness claim. Retrospective operation is not favored by courts, however, and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the Congress intended a retroactive application. *United States v. Whyel*, 28 F.2d 30, 32 (3rd Cir.1928), *cert. den.* 278 U.S. 664, 49 S.Ct. 178, 73 L.Ed. 570 (1928); *Arlington Coalition on Transportation v. Volpe*, 458 F.2d 1323, 1331 (4th Cir. 1972). The court declines to retroactively apply 46 U.S.C. § 763a (1980).

1. The Supreme Court in *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958) held that three years is the minimum limitations period for the General Maritime Law counts when joined with a Jones Act count.