Kenneth DONALDSON,
Plaintiff-Appellee,

v.

J. B. O'CONNOR, M. D. and John
Gumanis, M. D.,
Defendants-Appellants.

No. 73–1843.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1975.

Rehearing Denied Oct. 9, 1975.

**60**

Before RIVES, WISDOM and MORGAN, Circuit Judges.

PER CURIAM:

■ This cause is now before us on remand from the Supreme Court, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 "to enable [this] court to consider, in light of *Wood v. Strickland*, 1975, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214, whether the District Judge's failure to instruct with regard to the effect of O'Connor's claimed reliance on state law rendered inadequate the instructions as to O'Connor's liability for compensatory and punitive damages". In the light of *Wood v. Strickland*, we hold that the district court erred in denying an instruction concerning O'Connor's claimed reliance on state law as authorization for Donaldson's continued confinement. We now hold, as to both Doctors O'Connor and Gumanis, that the district court's instructions were insufficient in defining the scope of the qualified immunity possessed by state officials under 42 U.S.C. § 1983. Moreover, since the case was tried before the Supreme Court decided *Wood v. Strickland*, the interests of justice require that the plaintiff and both defendants, Dr. J. B. O'Connor and Dr. John Gumanis, have an opportunity to present evidence and to articulate their arguments on the issue of official immunity.

Accordingly, the judgment of the district court is reversed insofar as the defendants were held liable for monetary damages and the case is remanded for further proceedings, if any, consistent with the Supreme Court's opinions in *Wood v. Strickland*, 1975, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 and *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 [decided June 26, 1975].

It is further ordered that the defendants recover from Kenneth Donaldson their costs herein expended.