**In the Matter of Petition of RISDAL & ANDERSON, INC., for Exoneration from or Limitation of Liability as Owner of the FISHING VESSEL MIDNIGHT SUN.**

**No. 63–26–G.**

United States District Court
D. Massachusetts.

March 31, 1967.

James A. Whipple, Kneeland & Splane, Boston, Mass., for plaintiff.

George J. Dodd, Boston, Mass., for Irene Munford and Sam Lund.

John O. Parker, Boston, Mass., for Norwegians Pedersen, Larsen, "Ferkingstad," Kallenstein, Nilsen, Lindanger.

Nathan Greenberg, Boston, Mass., for Veronica Humes.

Kline & Gardner, Gloucester, Mass., for Geraldine Wagner.

Barnet & Barnet, New Bedford, Mass., for David Barnet, adms. of Torgils Holmen.

### MEMORANDUM

GARRITY, District Judge.

The petitioner's motion for summary judgment heard at this juncture of these proceedings arising out of the loss at sea with all hands on board of the fishing vessel MIDNIGHT SUN on November 14, 1962 is directed against only one of the many claimants in this case. The MIDNIGHT SUN was owned by Risdal & Anderson, Inc., which filed a petition for exoneration from or limitation of liability with respect to the loss of the vessel. Personal representatives of each of the deceased crew members filed claims and answers challenging Risdal & Anderson, Inc.'s petition and asserting that the petitioner is liable for all prov-

able damages, under the provisions of the Jones Act, 46 U.S.C. § 688, the Death on the High Seas Act, 46 U.S.C. § 761 et seq., and the Wrongful Death Act of Massachusetts, Mass.G.L. c. 229, § 2B.[1] The petition for exoneration from or limitation of liability was heard by Caffrey, J., and denied on the grounds that the negligence of the captain, which was imputable to the petitioner, was the proximate cause of the loss of the vessel and that the vessel was unseaworthy. The case was ordered to stand for hearing on assessment of damages. Petition of Risdal & Anderson, Inc., D.C.Mass., 1966, 248 F.Supp. 928.

The petitioner seeks summary judgment on the claim of Veronica Humes as the next friend of Gregory Humes, the illegitimate son of one of the decedents, Olav Ferkingstad, on two grounds, first that an illegitimate child is not one for whose benefit a suit may be brought under the Jones Act or Death on the High Seas Act; and second, that in any event the child's next friend is not a person authorized by either Act to bring the claim on the child's behalf.

■ It has been argued by the petitioner that the law of Massachusetts must determine whether an illegitimate child may recover under the federal statutes. This contention was specifically rejected in Middleton v. Luckenbach S.S. Co., 2 Cir., 1934, 70 F.2d 326, where the court ruled, at 329, that Congress intended that "there be uniform construction *without recourse to state law.*" (Emphasis added.) Under federal law, an illegitimate child qualifies as a beneficiary under both the Jones Act and Death on the High Seas Act. Civil v. Waterman Steamship Corporation, 2 Cir., 1954, 217 F.2d 94, citing Middleton v. Luckenbach S.S. Co., supra, Hassan v. A. M. Landry & Son, Inc., 5 Cir., 1963, 321 F.2d 570. I have found no case which takes the contrary view.

---

1. The petitioner also filed motions for partial summary judgment against all the claimants on the ground that causes of action had not been stated under the Wrongful Death Act of Massachusetts, Mass.G.L. c. 229, § 2B. These were allowed at the hearing by agreement of counsel in view of Judge Caffrey's finding that the MIDNIGHT SUN sank while at a distance greater than 20 miles east of Nantucket Island.

With reference to the question whether the child's next friend is one authorized to file a claim on his behalf, a claimant's right of action under the applicable statutes is ordinarily vested in the personal representative of the decedent. 46 U.S.C. §§ 688, 761. In this instance, the decedent was unmarried and there is no conflict of interest or ill-feeling between the child's representative and the administrator of the decedent's estate such as would warrant an exception to the rule. See Petition of Sandra & Dennis Fishing Co., D.C. Mass., 1962, 209 F.Supp. 835. At the hearing, it was agreed by counsel for the petitioner and for the administrator of the estate of the decedent Olav Ferkingstad that, if the court should deny the petitioner's motion for summary judgment on the first ground, supra, the claim on behalf of the child might be added to and included in the claim heretofore asserted by Olav Ferkingstad's administrator.

On the basis of counsel's agreement, the petitioner's motion is allowed to the limited extent that summary judgment may be entered against Veronica Humes in her capacity as next friend of the claimant Gregory Humes. The claim of Gregory Humes survives and henceforth will be prosecuted by counsel for the administrator of his father's estate.