T. W. MILAM and Carrie G. Milam,
Plaintiffs-Appellants,

v.

READING & BATES OFFSHORE DRILL-
ING COMPANY, Amoco Production
Company, et al., Defendants-Appellees.

No. 72–3081

Summary Calendar *

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1973.

Rehearing Denied Feb. 2, 1973.

Certiorari Denied April 2, 1973.
See 93 S.Ct. 1550.

J. B. Jones, Jr., Cameron, La., for
plaintiffs-appellants.

J. Y. Gilmore, Jr., New Orleans, La.,
for defendants-appellees.

Before BELL, DYER and CLARK,
Circuit Judges.

PER CURIAM:

The factual situation and the legal is-
sues presented in this case are in all ma-
terial respects identical to those in Futch
v. Midland Enterprises, Inc., 471 F.2d
1195 (1972), decided today.

On June 30, 1964, Arnold Milam, a mo-
torman aboard the seagoing drilling
barge C. P. Baker, was killed when a
"blowout" caused that vessel to burn and
sink in the Gulf of Mexico. Elvie Milam,
the decedent's widow and Administratrix
of his estate, compromised and settled all
claims arising from the death of her hus-
band for consideration of 47,500 dollars.
Some eight years later, in 1972, this ac-
tion, predicated on the decision of
Moragne v. States Marine Lines, Inc., 398
U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339
(1970), was filed by Arnold L. Milam's
parents, T. W. Milam and Carey Milam.
The trial court granted summary judg-
ment for the defendants.

For the reasons discussed in our opin-
ion in *Futch, supra*, we hold decedent's

parents have no standing to bring this
action. Accordingly, the judgment of the
court below is

Affirmed.