Carole C. RENNER, as Administratrix of the Estate of Robert Ross Renner, Deceased, Plaintiff,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware Corporation, Defendant.

Jane Ann JOSEPH, as Executrix of the Estate of Max Eugene Joseph, and Individually, and James David Joseph, a minor, by and through his guardian ad litem, Linda L. Russell, Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware Corporation, Defendant.

Loretta KARR, as Executrix of the Estate of Richard Karr, and Individually, et al., Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware Corporation, Defendant.

Nos. CV 74–1502–HP, CV 75–2385–HP and CV 75–2479–HP.

United States District Court, C. D. California.

Oct. 9, 1975.

Earle T. Hale, LaFollette, Johnson & Schroeter, Los Angeles, Cal., for plaintiffs.

Gregory A. Long, and Fred Lack, Jr., Overton, Lyman & Prince, Los Angeles, Cal., for defendant.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT IN CASE 74–1502–HP AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS AND STRIKE THE AMENDED COMPLAINTS IN CASES 75–2385–HP AND 75–2479–HP

PREGERSON, District Judge.

Each of these three actions falls within the federal admiralty jurisdiction created by Art. III, Sec. 2 of the Constitution as implemented by 28 U.S.C. § 1333.

Each action arises out of the death at sea of a naval aviator. Lieutenant Commander Robert Ross Renner, USN, and Lieutenant Max Eugene Joseph, USN, lost their lives in the same accident which occurred on September 27, 1970. It is alleged that Lieutenant Commander Renner, while piloting a Navy jet, attempted to land on the flight deck of the U.S.S. Ranger, that Lieutenant Joseph was aboard the aircraft as its radar officer, that the jet's arresting gearhook assembly failed to operate properly, that the aircraft crashed into the sea, and that both men perished. It is claimed that the arresting gearhook assembly was defectively manufactured by defendant Rockwell. Lieutenant Commander Richard Karr, USN, lost his life on July 22, 1970 while attempting to land a Navy jet on the flight deck of the U.S.S. Independence. Here again it is alleged that the jet's arresting gearhook assembly failed to operate properly, that the jet crashed into the sea, that the pilot was killed, and that the defendant Rockwell supplied the U. S. Navy with a defective arresting gearhook assembly.

These three cases are now before the court upon plaintiff Renner's motion to file an amended complaint and upon de-

fendant Rockwell's motions to dismiss and strike the first amended complaints filed in the Karr and Joseph actions. These matters were heard on October 2, 1975. Having studied the pleadings and memoranda of law and having considered the oral argument of counsel, the court will now rule on the issues presented by these motions.

■ At the outset, the court must determine whether the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761 et seq., provides the exclusive remedy for wrongful-death occurring on the high seas as defined in § 761. Each amended complaint states that it is brought under DOHSA, general maritime law, and "all statutes of the United States modifying or extending the common law right of remedy in cases for wrongful death on the high seas." Defendant Rockwell argues that only DOHSA applies. The leading authorities in this field support plaintiffs on this issue. The court, therefore, rules that they may sue under both DOHSA and the new federal maritime wrongful-death remedy created by *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). *Law v. Sea Drilling Corp.*, 510 F.2d 242, 250 (5th Cir. 1975); G. Gilmore & C. Black, the Law of Admiralty § 6–32, at 367–68 (2d ed. 1975); 2 Benedict on Admiralty, § 84, at 7–37 (7th ed. rev. 1975). Moreover, federal maritime law under DOHSA and the *Moragne* decision includes claims founded on intentional torts and on the doctrine of strict liability. *Lindsay v. McDonnell Douglas Aircraft Corp.*, 460 F.2d 631, 635–36 (8th Cir. 1972); *In re Marine Sulphur Transport Corp.*, 312 F.Supp. 1081, 1102 (S.D.N.Y.1970), *rev'd on other grounds*, 460 F.2d 89 (2d Cir. 1972), *cert. denied*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972). *Cf. Schaeffer v. Michigan-Ohio Navigation Co.*, 416 F.2d 217, 221 (6th Cir. 1969). However, actions under both DOHSA and general maritime law must be brought by the personal representative of the decedent on behalf of the appropriate beneficiaries. 46 U.S.C. § 761; *Futch v. Midland Enterprises, Inc.*, 471 F.2d 1195, 1196 (5th Cir. 1973); *Milam v. Reading & Bates Offshore Drilling Co.*, 471 F.2d 1197 (5th Cir. 1973), *cert. denied*, 411 U.S. 921, 93 S.Ct. 1550, 36 L.Ed.2d 314 (1973); *Green v. Ross*, 338 F.Supp. 365, 366–67 (S.D.Fla.1972), *aff'd*, 481 F.2d 102 (5th Cir. 1973), *cert. denied*, 414 U. S. 1068, 94 S.Ct. 577, 38 L.Ed.2d 473 (1973); Benedict, *supra*, § 85, at 741. Therefore, defendant's motion to dismiss the complaint as to all plaintiffs other than the personal representatives must be granted.

■ Defendant contends that plaintiffs' claims under both DOHSA and general maritime law are barred because their actions were commenced more than four years after the accident in question occurred. DOHSA provides a two year statute of limitations for actions brought under its provision. 46 U.S.C. § 763. In applying the equitable doctrine of laches to claims brought under general maritime law for wrongful-death, this court will give consideration to the statute of limitations contained in DOHSA to determine if plaintiffs' general maritime claims are time-barred. *See Moragne v. States Marine Lines, Inc.*, *supra*, 398 U.S. at 406, 90 S.Ct. 1772; *Fitzgerald v. A. L. Burbank & Co.*, 451 F.2d 670, 683 (2d Cir. 1971). Although plaintiffs' actions were commenced beyond the applicable two year period, it is well established that a statute of limitations may be tolled if the defendant fraudulently conceals the cause of action from the plaintiff, and, of course, such behavior will also determine whether the claim is barred by laches. *See Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232–34, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); *Bowman v. McPheeters*, 77 Cal.App.2d 795, 176 P.2d 745 (1947). In their pleadings, plaintiffs have alleged fraudulent misrepresentations on the part of the defendant which, if true, would allow the statute of limitations to be tolled

and would preclude the application of the doctrine of laches. These allegations are also sufficient to satisfy the pleading requirements set forth in Fed.R. Civ.P. 9(b).

Defendant also contends that certain items of damages requested by plaintiffs may not be recovered under either DOHSA or the *Moragne* remedy. In determining the recoverability of these damages, this court is guided by the humane policy of admiralty which the Supreme Court emphasized in *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). That humane policy cautions courts "to shape the remedy to comport with the humanitarian policy of the maritime law to show 'special solicitude' for those who are injured within its jurisdiction." *Id.* at 588, 94 S.Ct. at 816. Below, the court will specify which disputed items of damage are recoverable under DOHSA and general maritime law and which items are not recoverable.

■ Under DOHSA the following disputed item of damage is recoverable:

Funeral and burial expenses incurred or paid by the beneficiaries. *Moore v. The O/S Fram*, 266 F.Supp. 816, 818 (S.D.Tex.1963), *aff'd sub nom. Wilhelm Seafoods, Inc. v. Moore*, 328 F.2d [868] 864 (5th Cir. 1964). *But cf. Trihey v. Transocean Air Lines, Inc.*, 255 F.2d 824, 832 (9th Cir. 1958).

■ Under the new maritime wrongful-death remedy created by *Moragne*, the following disputed items of damages are recoverable:

1. Loss of society. *Sea-Land Services, Inc. v. Gaudet, supra,* [414 U.S.] at 585–90, [94 S.Ct. 806].

2. Loss of consortium. *Sea-Land Services, Inc. v. Gaudet, supra* at 589–70, [94 S.Ct. 806]; *Skidmore v. Grueninger*, 506 F.2d 716, 727–29 (5th Cir. 1975).

3. Funeral and burial expenses incurred or paid by the beneficiaries. *Sea-Land Services, Inc. v. Gaudet, supra* [414 U.S.] at 591, [94 S.Ct. 806].

4. Punitive damages. Survival rights are inherent in an action for wrongful-death under general maritime law. *See Greene v. Vantage Steamship Corp.*, 466 F.2d 159, 167 (4th Cir. 1972); *Dennis v. Central Gulf Steamship Corp.*, 453 F.2d 137, 140 (5th Cir. 1972), *cert. denied*, 409 U.S. 948, [93 S.Ct. 286, 34 L.Ed.2d 218] (1972); *Spiller v. Thomas M. Lowe, Jr. & Associates, Inc.*, 466 F.2d 903, 909 (8th Cir. 1972); 2 Benedict on Admiralty § 86, at 7–52 (7th ed. rev. 1975). The damages recoverable in a survival action traditionally include all "loss or damage [which] decedent sustained or incurred prior to his death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had he lived . . . ." Cal.Probate Code § 573 (West 1956). *See also Petition of Den Norske Amerikalinje A/S*, 276 F.Supp. 163, 176 (N.D.Ohio 1967), *rev'd on other grounds, sub nom. United States Steel Corp. v. Fuhrman*, 407 F.2d 1143, 1148 (6th Cir. 1967), *cert. denied*, 398 U.S. 958, [90 S.Ct. 2162, 26 L.Ed.2d 542] (1970); *Green v. Ross, supra at 367.*

■ The following disputed items of damages are not allowable under DOHSA:

1. Loss of society. *Middleton v. Luckenbach S.S. Co.*, 70 F.2d 326, 330 (2d Cir. 1934); *First National Bank v. National Airlines, Inc.*, 288 F.2d 621, 629 (2d Cir. 1961); *Sea-Land Services, Inc. v. Gaudet, supra* [414 U. S. at 586] [94 S.Ct. 806.]

2. Survivors' grief and sorrow. *Sea-Land Services, Inc. v. Gaudet, supra* at 586–87, [94 S.Ct. 806].

3. Loss of consortium. *Igneri v. Cie de Transports Oceaniques*, 323 F.2d 257, 266–68 (2d Cir. 1963).

4. Punitive damages. DOHSA only allows "recovery . . . for the *pecuniary loss* sustained by the persons for whose benefit the suit is brought . . . ." (Emphasis added.) 46 U.S.C. § 762.

The following disputed item of damage is not allowable under the general maritime law of wrongful-death:

Survivors' grief and sorrow. *Sea-Land Services, Inc. v. Gaudet, supra* [414 U.S.] at 585 [94 S.Ct. 806].

In accordance with the foregoing rulings, it is ordered that plaintiffs' motion to amend the complaint in case 74–1502–HP is granted in part and denied in part and that defendant's motions to dismiss the first amended complaints in cases 75–2385–HP and 75–2479–HP are granted in part and denied in part.