**Vera POWELL, Individually and as Administratrix of the Estate of Robert J. Powell, Plaintiff,**

v.

**F. J. O'HARA & SONS, INC., Defendant.**

**Civ. No. 75–60–SD.**

United States District Court, D. Maine, S. D.

April 14, 1976.

Michael B. Latti and Joseph P. Flannery, Boston, Mass., Frederick T. McGonagle, Gorham, Maine, for plaintiff.

Thomas R. McNaboe and David P. Cluchey, Portland, Maine, for defendant.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This action seeks damages arising from the "personal injuries and/or illness" and death of plaintiff's husband, a seaman and member of the crew of defendant's fishing vessel *Robert F. O'Hara*, which occurred on the high seas April 18, 1973. Plaintiff seeks damages both on behalf of decedent's estate for his conscious pain and suffering prior to death and on her own behalf for wrongful death. In her complaint filed May 12, 1975, she asserted two grounds for recovery: defendant's alleged negligence, actionable under the Jones Act, 46 U.S.C. § 688 (1970); and the alleged unseaworthiness of defendant's vessel, actionable under the Death on the High Seas Act, 46 U.S.C. §§ 761–768 (1970), and the general maritime law. In recognition of the two-year statute of limitations applicable to actions brought under the Death on the High Seas Act (DOHSA), 46 U.S.C. § 763, plaintiff has waived her claim for relief predicated on that Act.

Presently before the Court is defendant's motion to dismiss the complaint insofar as it states a claim for relief based on the general maritime law. Defendant argues, first, that a claim for relief for wrongful death on the ground of unseaworthiness lies solely under DOHSA (a claim which is concededly time-barred) and is not available under the general maritime law; and, second, that even if such a claim for relief is recognized, the present action was not timely filed. The practical import of defendant's motion is to make it liable to plaintiff only for negligent acts and not also for nonnegligent unseaworthiness. The Court holds that the general maritime law does afford a cause of action to the plaintiff in the instant case, that plaintiff's claim is not time-barred, and that defendant's motion must therefore be denied.

I.

This discussion must begin with a brief history of the right of seamen under the general maritime law to recover damages for personal injuries and death owing to the unseaworthiness of a vessel. Such a right to recover for personal injuries was definitively accepted by the United States Supreme Court only in 1903. *The Osceola*, 189 U.S. 158, 175, 23 S.Ct. 483, 487, 47 L.Ed. 760, 764 (1903); *see* G. Gilmore & C. Black, The Law of Admiralty § 6–38 (2d ed. 1975). But the shipowner's obligation to provide his crew a seaworthy vessel is of ancient lineage, and the seaman's corresponding right to recover for unseaworthiness has come to be firmly established in the law of this country. *See generally The Arizona v. Anelich*, 298 U.S. 110, 120–21 & n.2, 56 S.Ct. 707, 710–11, 80 L.Ed. 1075, 1079–80 (1936); Gilmore & Black, *supra*, §§ 6–38 to 6–44(c); Tetreault, Seamen, Seaworthiness, and the Rights of Harbor Workers, 39 Cornell L.Q.

381, 381–403 (1954). The right has been regarded as essential to the contract of employment between seaman and shipowner, *see* Tetreault, *supra*, at 389–90, *citing Dixon v. The Cyrus*, 7 Fed.Cas. 755, 757, No. 3,930 (D.Pa.1789); and it has been expounded in twentieth-century Supreme Court opinions as an expression of public policy strongly protective of seamen. *See, e. g., Mahnich v. Southern S.S. Co.*, 321 U.S. 96, 103–04, 64 S.Ct. 455, 459–60, 88 L.Ed. 561, 566–67 (1944); *Socony-Vacuum Oil Co. v. Smith*, 305 U.S. 424, 430–31, 59 S.Ct. 262, 266–67, 83 L.Ed. 265, 269–70 (1939). Most important to the consideration of the present motion, the right to recover for unseaworthiness has belonged exclusively to seamen and a limited number of other workers accorded specially-protected status. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 629–30, 79 S.Ct. 406, 409–10, 3 L.Ed.2d 550, 553–54 (1959); *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

Against the background of a developing right to recover for unseaworthiness, several additional events germane to the disposition of this motion have taken place. In *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), the Court held that, by analogy to the common law, the general maritime law afforded seamen no remedy for wrongful death. In 1920 Congress enacted both the Jones Act, 46 U.S.C. § 688, which affords seamen wrongful death and survival actions for negligence, and the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761–768, which affords "any person" an action for death "caused by wrongful act, neglect or default" occurring on the high seas.[1] The Jones Act was intended and subsequently interpreted as supplementary of the general maritime law, and it has become customary for an injured seaman to plead both negligence and unseaworthiness and to recover if either is proven. *See, e. g., Fitzgerald v. United States Lines Co.*,

374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Gilmore & Black, *supra*, §§ 6–23 to 6–25.

■ In a landmark decision, *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), the Court reexamined the rule of *The Harrisburg* in the case of a seaman killed in the course of his employment aboard a vessel located in coastal waters, not on the high seas. The Court overruled *The Harrisburg*, forcefully criticizing the earlier decision as no longer consonant with the common law and as having led to severe anomalies in the law of seamen's rights. Writing for the Court, Justice Harlan stated, 398 U.S. at 404, 90 S.Ct. at 1790, 26 L.Ed.2d at 359:

We do not regard the rule of *The Harrisburg* as a closely arguable proposition—it rested on a most dubious foundation when announced, has become an increasingly unjustifiable anomaly as the law over the years has left it behind, and . . . has produced litigation-spawning confusion in an area that should be easily susceptible of more workable solutions.

Meeting respondent's argument that a remedy under the general maritime law for wrongful death in territorial waters was precluded because Congress had limited the effect of DOHSA to the high seas, Justice Harlan stated, *id.* at 400, 90 S.Ct. at 1787, 26 L.Ed.2d at 356 (footnote omitted):

[N]o intention appears that [DOHSA] have the effect of foreclosing any nonstatutory federal remedies that might be found appropriate to effectuate the policies of general maritime law.

Undoubtedly, the *Moragne* Court was principally concerned with the gap left by the failure of DOHSA to cover deaths occurring in coastal waters. *See id.* at 395, 90 S.Ct. at 1785, 26 L.Ed.2d at 353. But the breadth of its criticism of *The Harrisburg* indicates that *Moragne* mandates a remedy

---

1. This language has been construed to provide a right of recovery for unseaworthiness. *Kernan v. American Dredging Co.*, 355 U.S. 426, 430 n.4, 78 S.Ct. 394, 397, 2 L.Ed.2d 382, 387 (1958).

for wrongful death under the general maritime law whether a seaman is killed in coastal waters or on the high seas. Justice Harlan's statement of the Court's holding contains no qualification that would limit it to deaths in coastal waters, *see id.* at 408–09, 90 S.Ct. at 1791–92, 26 L.Ed.2d at 361; and virtually all courts and authorities who have since considered the issue have concluded that *Moragne* affords seamen a right of recovery under the general maritime law for wrongful death on the high seas. *Law v. Sea Drilling Corp.*, 510 F.2d 242, 250, *petition for reh. denied*, 523 F.2d 793 (5th Cir. 1975); *Estate of Kauzlarich v. Exxon Co., U.S.A.*, 405 F.Supp. 332 (D.S.C.1975); *Renner v. Rockwell International Corp.*, 403 F.Supp. 849, 851 (C.D.Cal.1975); *Higginbotham v. Mobil Oil Corp.*, 357 F.Supp. 1164, 1175 (W.D.La.1973); *Sennett v. Shell Oil Co.*, 325 F.Supp. 1, 7–8 (E.D.La.1971); Gilmore & Black, *supra*, § 6–32, at 368. *Contra, McPherson v. S.S. South African Pioneer*, 321 F.Supp. 42, 47 (E.D.Va.1971).

■ This Court is persuaded to follow the majority interpretation of *Moragne*. First, this interpretation is the more consistent not only with *Moragne* itself but also with the Supreme Court's expansive elucidation of the elements of damages cognizable under the general maritime law remedy for wrongful death in *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). There, Justice Brennan, writing for the Court, stated, *id.* at 577, 94 S.Ct. at 811, 39 L.Ed.2d at 17:

> In overruling *The Harrisburg, Moragne* . . . creat[ed] . . . a uniform federal cause of action for maritime death, designed to extend to the dependents of maritime wrongful-death victims admiralty's "special solicitude for the welfare of those men who under[take] to venture upon hazardous and unpredictable sea voyages." [398 U.S.], at 387, 90 S.Ct. at 1772. Our approach to the reso-

lution of the issue before us must necessarily be consistent with this "special solicitude" to the dependents of the seafaring decedent.

Second, the majority interpretation follows the pervasive practice in admiralty of construing seamen's remedies under federal statutory and general maritime law as supplementary, not preclusive. *See, e. g., McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958) (injured seaman may seek recovery under both the Jones Act and the general maritime law); *Doyle v. Albatross Tanker Corp.*, 367 F.2d 465 (2d Cir. 1966) (Jones Act does not preclude remedy under DOHSA). In view of the purpose of Congress in passing DOHSA, which was to expand seamen's remedies in light of the restrictive rule of *The Harrisburg, see Moragne v. States Marine Lines, Inc., supra*, 398 U.S. at 397–99, 90 S.Ct. at 1785–87, 26 L.Ed.2d at 354–56, it would be anomalous to hold that DOHSA preempts a remedy now available once *The Harrisburg* has been overruled.

This Court is aware of the decision of the Court of Appeals for the First Circuit in *Barbe v. Drummond*, 507 F.2d 794 (1st Cir. 1974). There, plaintiff's decedent had been a passenger aboard a pleasure boat that sank on the high seas off Cape Cod. Plaintiff brought an action for wrongful death and a survival action for the decedent's conscious pain and suffering prior to her death. On appeal, the court held that the survival action could be maintained and affirmed the award of damages for pain and suffering.[2] But the Court of Appeals denied recovery of funeral expenses on the ground that the *Moragne* cause of action for wrongful death did not extend to deaths on the high seas.

■ There is a crucial factual distinction between *Barbe* and the present action, however. Here, plaintiff's decedent was not a passenger but a seaman. As a sea-

---

**2.** Insofar as the present complaint states a claim for relief as a survival action under the general maritime law, it is thus supported by

the holding in *Barbe*. 507 F.2d at 799–800. *Accord, Spiller v. Thomas M. Lowe, Jr. & Assoc., Inc.*, 466 F.2d 903, 909–10 (8th Cir. 1972).

man, plaintiff's decedent partakes of the special protection of admiralty law, including the right under the general maritime law to recover damages for injuries caused by the unseaworthiness of a vessel. By contrast, a shipowner owes only a duty of reasonable care to nonseamen lawfully aboard his vessel. *Kermarec v. Compagnie Generale Transatlantique, supra,* 358 U.S. at 629–30, 79 S.Ct. at 409–10, 3 L.Ed.2d at 553–54. In establishing a wrongful death action for unseaworthiness maintainable by "any person," DOHSA affected the rights of seamen and others very differently. As to passengers, the Act created a wholly new right of recovery for unseaworthiness not available under traditional maritime law. As to seamen, however, the Act merely repaired an anomalous gap in the seamen's right of recovery left by the decision in *The Harrisburg.* In light of the seaman's specially protected status, of the supplementary nature of seamen's remedies, and of the remedial purposes of DOHSA, it would be inappropriate to extend the language of *Barbe* to allow DOHSA to govern seamen's actions under the general maritime law.

■ The Court concludes that plaintiff's complaint states a claim for relief for wrongful death and survival damages under the general maritime law.[3]

## II.

■ Defendant further contends that even if the complaint is found to state a valid claim for relief under the general maritime law, that claim is barred by laches. This complaint was filed two years and 24 days after the claim arose. The statute of limitations under the Jones Act is three years. 46 U.S.C. § 688; 45 U.S.C. § 56. That of DOHSA is two years. 46 U.S.C. § 763. Defendant argues that the *Moragne* action for wrongful death on the high seas be interpreted to incorporate the DOHSA statute of limitations.

This argument gains some credence from the *Moragne* opinion itself. Justice Harlan stated, 398 U.S. at 406, 90 S.Ct. at 1791, 26 L.Ed.2d at 360 (footnotes and citations omitted):

Respondents argue . . . that a statute of limitations must be devised or "borrowed" for the new wrongful-death claim. However, petitioner and the United States respond that since we have simply removed the barrier to general maritime actions for fatal injuries, there is no reason—in federal admiralty suits at least—that such actions should not share the doctrine of laches immemorially applied to admiralty claims. In applying that doctrine, the argument runs, the courts should give consideration to the two-year statute of limitations in the Death on the High Seas Act, just as they have always looked for analogy to appropriate state or foreign statutes of limitations. We need not decide this question now, because the present case was brought within a few months of the accident and no question of timeliness has been raised. The argument demonstrates, however, that the difficulties should be slight in applying accepted maritime law to actions for wrongful death.

But where, as here, the representative of a seaman's estate is pursuing remedies under both the Jones Act and the *Moragne* cause of action under the general maritime law, it is clear that the Jones Act provides the more appropriate statute of limitations. *See McAllister v. Magnolia Petroleum Co., supra,* 357 U.S. at 224–27, 78 S.Ct. at 1203–05, 2 L.Ed.2d at 1275–77; *Estate of Kauzlarich v. Exxon Co., U.S.A., supra,* at 337–38; Gilmore & Black, *supra,* § 6–32, at 369. *But see Fitzgerald v. A. L. Burbank & Co.,* 451 F.2d 670, 683–84 (2d Cir. 1971). This result promotes the goal of consistency among maritime remedies sought in *Moragne, see* 398 U.S. at 395–96, 403–05, 90

---

**3.** The question of which elements of damages may be recovered under this claim for relief is not before the Court and need not be con-

sidered at this time. *See generally Sea-Land Services, Inc. v. Gaudet, supra.*

382

S.Ct. at 1784–85, 1789–90, 26 L.Ed.2d at 353–54, 358–60, and also the goal of careful protection of seamen's remedies. *See, e. g., Sea-Land Services, Inc. v. Gaudet, supra,* 414 U.S. at 577, 94 S.Ct. at 811, 39 L.Ed.2d at 17; *Mahnich v. Southern S.S. Co., supra,* 321 U.S. at 103–04, 64 S.Ct. at 459–60, 88 L.Ed. at 566–67. It is particularly appropriate in the instant case where there is no indication that plaintiff improperly sat on her rights or that the defendant has been prejudiced in any way by plaintiff's failure to file her complaint until two years and less than one month after her husband's death. The Court therefore holds that plaintiff's claims for relief under the general maritime law are not barred by laches.

\*    \*    \*    \*    \*    \*

For the foregoing reasons, defendant's motion for dismissal must be denied.

IT IS SO ORDERED.