355 So.2d 892 (1978)
Sweeny BENOIT, as personal representative of William Benoit, Jr.
v.
FIREMAN'S FUND INS. CO., Standby Crews, Inc. and Deepwater Boats, Inc.
No. 60336.
Supreme Court of Louisiana.
March 6, 1978.
*893 Ronald J. Bertrand, Nathan A. Cormie & Associates, Lake Charles, for plaintiff-applicant.
Karl E. Boellert, Camp, Carmouche, Palmer, Barsh & Hunter, Lake Charles, for defendants-respondents.
MARCUS, Justice.
Plaintiff, Sweeny Benoit, as personal representative of the decedent, William Benoit, Jr., brought this action for wrongful *894 death under the Jones Act, the Death on the High Seas Act (DOHSA), and the general maritime law against defendants, Deepwater Boats, Inc., Standby Crews, Inc., and Fireman's Fund Insurance Company to recover damages for and on behalf of the decedent's three minor children and mother.
On March 8, 1973, while serving as a member of the crew of the M/V Carol Ann, William Benoit, Jr., disappeared and was presumed drowned near Eugene Island in the Gulf of Mexico. His body was never recovered. The M/V Carol Ann, which at the time of the decedent's disappearance was tied to a drilling platform rig for use as a standby vessel, was owned by Deepwater Boats, Inc., and was operated and manned by Standby Crews, Inc., the decedent's employer. Both of these corporations were insured by Fireman's Fund Insurance Company.
On August 22, 1973, plaintiff, an uncle of the decedent, was appointed administrator of the decedent's succession.[1] In that capacity as the decedent's personal representative, plaintiff filed the instant suit on March 5, 1975, alleging the unseaworthiness of the vessel and negligence on the part of defendants, Deepwater Boats, Inc. and Standby Crews, Inc. Also named a partydefendant was Fireman's Fund Insurance Company as the insurer of the above two defendants. Asserting an action under the Jones Act, DOHSA and the general maritime law, plaintiff requested a trial by jury. The trial judge granted the request.
Defendants answered plaintiff's petition making a general denial to the allegations contained therein and affirmatively asserted, inter alia, that the decedent's former wife and mother of the three minor children, Harriet Ann Rachal,[2] as duly appointed natural tutrix of the minor children had executed a court-approved compromise and settlement of the minor-beneficiaries' claim for the sum of $10,500. The settlement was executed on March 20, 1975, subsequent to the filing of plaintiff's suit. Defendants alleged that this settlement operated to fully release and discharge them from liability for any claim asserted by plaintiff for and on behalf of the decedent's minor children arising out of the decedent's death. Thereafter, defendants filed a rule to strike plaintiff's demand for a jury trial contending that, because the claim of the minor children had been settled on their behalf by their natural tutrix, plaintiff could only assert a claim for damages on behalf of the decedent's mother under DOHSA and the general maritime law.[3] Since an action under DOHSA and the general maritime law is not triable by jury when not joined with a claim for recovery under the Jones Act, defendants argued that plaintiff was not entitled to a jury trial on the claim asserted by him on behalf of the decedent's mother.
The trial judge dismissed defendants' rule to strike plaintiff's demand for a jury trial reasoning that the settlement executed by defendants and the natural tutrix on behalf of the minor-beneficiaries was invalid. Thus, plaintiff as the decedent's personal representative could properly maintain an action for damages for wrongful death on behalf of the minor children and the mother of the decedent under the Jones Act, DOHSA and the general maritime law, which action was triable by jury. After trial on the merits, the jury returned a verdict in favor of plaintiff and against defendants awarding damages for decedent's mother in the sum of $75,000 for loss of society and support and for the minor children in the sum of $112,500 for loss of support. The trial judge signed a judgment in accordance *895 with the verdict; an appeal was taken from this judgment by defendants.
The court of appeal concluded that the trial judge committed manifest error in not recognizing the validity of the settlement entered into between defendants and the natural tutrix on behalf of the decedent's minor children. Therefore, the court reversed that portion of the district court's judgment which awarded damages for the minor-beneficiaries and ordered the claim dismissed. The court further ruled that, since the minors' claim under the Jones Act, DOHSA and the general maritime law had been validly settled, plaintiff's claim for and on behalf of the decedent's mother under DOHSA and the general maritime law was improperly tried before a jury. Accordingly, the court reversed the remaining portion of the district court's judgment which awarded damages for decedent's mother and remanded the claim to the district court for consideration and decision by the trial judge on the basis of the record, subject to the trial judge's discretion to allow additional evidence.[4] We granted plaintiff's application for certiorari to review the correctness of this judgment.[5]
The issue posed for our determination is whether under the Jones Act, DOHSA and the general maritime law the natural tutrix of the decedent's minor children could validly compromise and settle with defendants a claim for damages for the decedent's wrongful death on behalf of the minor-beneficiaries after suit to enforce the claim had been instituted by the decedent's personal representative.
The present action was brought pursuant to the Jones Act, 46 U.S.C. § 688, DOHSA, 46 U.S.C. § 761 et seq., and the general maritime law. The pertinent statutes provide:
46 U.S.C. § 688:
Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located. (Emphasis added.)
46 U.S.C. § 761:

Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. (Emphasis added.)
It is well settled that an action under the Jones Act, DOHSA and the general maritime law must be instituted by the personal representative of the decedent for and on behalf of the appropriate beneficiaries. Futch v. Midland Enterprises, Inc., 471 F.2d 1195 (5th Cir. 1973); Milam v. Reading & Bates Offshore Drilling Company, 471 F.2d 1197 (5th Cir. 1973); Renner v. Rockwell International Corporation, 403 F.Supp. 849 (C.D.Cal.1975); Porche v. Gulf Mississippi Marine Corporation, 390 F.Supp. 624 *896 (E.D.La.1975); Savoie v. Nolty J. Theriot, Inc., 396 F.Supp. 973 (E.D.La.1972); In Re Risdal & Anderson, Inc., 266 F.Supp. 157 (D.Mass.1967). The clear language of the Jones Act and DOHSA evinces the congressional intent to vest a right of action for maritime death solely in the personal representative. The advantages inherent in a uniform rule as to who may assert such an action are so obvious as to require no enumeration. Futch v. Midland Enterprises, Inc., supra. The personal representative's right to maintain the action carries with it by necessary implication the sole power to control the prosecution of the suit and to settle or compromise the claim.
This well-established rule that the personal representative alone is vested with the authority to maintain an action for maritime death is subject to two exceptions jurisprudentially created by the federal courts. The first of these exceptions is that, where a conflict of interest exists between the decedent's personal representative and a beneficiary, the beneficiary may intervene in the suit instituted by the personal representative and therein assert an independent claim for wrongful death on his own behalf. Smith v. Clark Sherwood Oil Field Contractors, 457 F.2d 1339 (5th Cir. 1972); In Re Risdal & Anderson, Inc., supra; Petition of Sandra & Dennis Fishing Corp., 209 F.Supp. 835 (D.Mass.1962). Likewise, where the personal representative actively participates or cooperates with the beneficiary in a settlement of the beneficiary's claim, the settlement executed by the beneficiary is valid. Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (5th Cir. 1963). See, Larry v. Chicago, B. & Q. R. Co., 74 F.Supp. 798 (E.D.Mo.1947). But, in the absence of a showing of a conflict of interest between the decedent's personal representative and the beneficiary or of the active participation of the personal representative in a settlement entered into by the beneficiary, under federal law the authority to control the prosecution of an action for maritime death and to settle the claim remains solely with the personal representative. A rule to the contrary, which would permit a beneficiary, after suit is brought by the personal representative, to compromise his claim and thus cancel the claim for damages upon which the personal representative's action is based, would oust the personal representative of the authority to control the prosecution of the action conferred on him by federal law and confer that power upon one who is not even a party to the action. See, Pittsburgh C., C. & St. L. Ry. Co. v. Collard's Adm'r, 170 Ky. 239, 185 S.W. 1108 (1916); Yelton v. Evansville & I. R. Co., 134 Ind. 414, 33 N.E. 629 (1893).
In the instant case, there is no evidence that plaintiff actively participated or cooperated in the settlement entered into by defendants and the natural tutrix on behalf of the decedent's minor children. Nor is any showing made that the interests of the minor-beneficiaries conflicted with those of plaintiff-personal representative. But, even assuming arguendo that a conflict of interest was demonstrated, still the natural tutrix was not authorized to settle the minor-beneficiaries' claim for damages; rather, in such a case, her recourse under federal jurisprudence was to seek intervention in the suit filed by plaintiff and therein to assert an independent claim for damages on behalf of the decedent's minor children. Smith v. Clark Sherwood Oil Field Contractors, supra. Hence, under the facts of this case, plaintiff, as the personal representative of the decedent, had the sole power to maintain and to settle the minor-beneficiaries' claim for the wrongful death of their father under the Jones Act, DOHSA and the general maritime law. We, therefore, conclude that the settlement of the minorbeneficiaries' claim executed by the minors' natural tutrix with defendants after the action to enforce the minors' claim was instituted by plaintiff was invalid and of no effect. Accordingly, the court of appeal erred in recognizing the validity of the settlement.
Because of its disposition of the controversy, the court of appeal did not pass upon the merits of plaintiff's claim for damages for and on behalf of the decedent's minor *897 children. An examination of the record discloses certain factual and legal disputes among the parties, some of which are the alleged unseaworthiness of the vessel, negligence on the part of defendants, Deepwater Boats, Inc. and Standby Crews, Inc., contributory negligence on the part of the decedent, and the amount of damages, if any, to which the minor-beneficiaries are entitled. We will adhere to the usual policy of this court in such instances and remand the case to the court of appeal for consideration of those issues not passed upon by it, since resolution of them is necessary before entry of final decree. Hood Motor Company, Inc. v. Lawrence, 320 So.2d 111 (La.1975); Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (1969); Mataya v. Delta Life Ins. Co., 222 La. 509, 62 So.2d 817 (1953).

DECREE
For the reasons assigned, that portion of the judgment of the court of appeal which reversed the district court's award of damages for decedent's minor children and ordered that claim dismissed is reversed. The case is remanded to the court of appeal for further proceedings consistent with the views herein expressed. The costs of review in this court are assessed against defendants.
NOTES
[1] Plaintiff replaced William Benoit, Sr., the decedent's father, as administrator of the succession when Mr. Benoit died.
[2] Decedent and Harriet Ann Benoit were divorced by judgment dated June 12, 1969. She has since remarried.
[3] Under the Jones Act, 46 U.S.C. § 688, and the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., which the Jones Act adopts by reference, where a decedent has surviving children, they are his beneficiaries to the exclusion of his parents. On the other hand, under DOHSA, the personal representative's suit in admiralty shall be for the benefit of decedent's children, parents, etc. against the vessel, person, or corporation which would have been liable if death had not ensued.
[4] 347 So.2d 269 (La.App.1977).
[5] 350 So.2d 904 (La.1977). After the court of appeal rendered its decision in this matter, the claim asserted by plaintiff on behalf of the decedent's mother was compromised. It is, therefore, not before this court for review.