Kathryn STODDARD et al., Plaintiffs,

v.

LING–TEMCO–VOUGHT, INC., et al., Defendants.

No. CV–72–1294–PGH.

United States District Court, C. D. California.

Feb. 5, 1981.

James J. McCarthy, Magana, Cathcart & McCarthy, Los Angeles, Cal., for Theriault, 72–1294, Burnett, 73–1290, McGinn, 73–1291, Blanchard, 73–1292, Ditto, 73–1293, and Unsderfer, 73–1294.

Robert S. Morris, San Bernardino, Cal., for Ashland, 72–1319.

Gerald V. Barron, Hoge, Fenton, Jones & Appel, Monterey, Cal., John H. Miltner, Honolulu, Hawaii, for Page, 73–1318, Rose, 73–1319, Reinhart, 73–1320, Myles, 73–1321, and Weimer, 73–1322.

Joan Celia Lavine, Los Angeles, Cal., for intervenors Hoar, 72–1294, and Slagle 72–1294.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiffs in intervention (the "intervenors") Hoar and Slagle have moved for partial summary judgment against defendants LTV, et al. (the "corporate defendants")[1] and defendant United States of America. Intervenors ask that judgment be entered finding the United States and the corporate defendants liable on intervenors' Death on the High Seas Act (DOHSA) claims.

On June 13, 1971, a United States Air Force C–135B aircraft owned by defendant United States and modified by the corporate defendants crashed into the Pacific Ocean, killing all 24 persons on board. The personal representatives of the estates of 12 of the decedents brought actions against the United States and/or the corporate defendants. Hoar and Slagle later intervened.

The court consolidated all 14 actions for trial on liability. The court later severed the Hoar and Slagle actions from the other 12 suits, putting all parties on notice that intervenors Hoar and Slagle could argue for judgment by collateral estoppel if the court found liability against defendants on the 12 consolidated cases.

Trial in the 12 consolidated actions commenced before an advisory jury on April 21, 1980. The jury returned verdicts finding all the defendants liable on the DOHSA claims. The court agreed with the jury's conclusion and found the defendants liable in the 12 consolidated DOHSA actions.

Intervenors Hoar and Slagle now have moved the court to enter summary judgment of liability against defendants based on collateral estoppel. Intervenors claim that defendants, having had their day in court (more accurately, month and a half in court) on the 12 consolidated cases, are now collaterally estopped from denying liability on the Hoar and Slagle claims.

■ In DOHSA cases such as these, federal law is controlling on questions of substantive law. *See, Lockwood v. Astronautics Flying Club, Inc.*, 437 F.2d 437, 438 (5th Cir. 1971); *Petition of United States*, 418 F.2d 264, 270, n.4 (1st Cir. 1969); *Petition of Risdal & Anderson, Inc.*, 266 F.Supp. 157, 158 (D.Mass.1967). This court, therefore, shall apply the federal law on collateral estoppel.[2]

---

1. The corporate defendants, LTV, et al., are: Ling-Temco-Vought, Inc. (which later changed its name to LTV Corporation, another defendant here), LTV Electrosystems, Inc. (which later changed its corporate name to E–Systems, Inc., also a defendant herein), and LTV Aerospace Corporation (which later changed its corporate name to Vought Corporation, likewise a defendant).

This court, in an April 14, 1980 ruling, found that a workmen's compensation settlement by the Hoar heirs barred intervenor Hoar's DOHSA claims against LTV Aerospace Corporation and Vought Corporation. This court therefore granted summary judgment to defendants LTV Aerospace Corporation and Vought Corporation on the Hoar complaint.

2. This court earlier stated, incorrectly, in remarks from the bench, that it would apply the collateral estoppel law of California, the forum state. The court is bound to apply the collateral estoppel law of the forum state in cases in which the court's jurisdiction is based upon diversity of citizenship. *See, St. Paul Fire and Marine Insurance Co. v. Weiner*, 606 F.2d 864, 868 (9th Cir. 1979); *Ross v. International*

The Ninth Circuit Court of Appeals, relying on decisions of the Supreme Court, has stated the principles and policies of collateral estoppel as follows:

... Under collateral estoppel principles, once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation.... The purposes of these judicially created rules are to conserve judicial resources, protect litigants from multiple lawsuits, and foster certainty and reliance in legal relations....

In the absence of 'countervailing statutory policy', collateral estoppel bars relitigation of factual questions or mixed questions of law and fact.

*United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980) (citations omitted).

 Here, the issue of defendants' liability was actually litigated, and both an advisory jury and this court determined that defendants negligently caused the plane crash in which the plaintiffs' decedents were killed. The intervenors' claims constitute causes of action separate from the consolidated actions, but involve the same defendants, the same transaction and the same question of negligence and liability that was litigated previously.

It is a matter within this court's discretion to determine if offensive collateral estoppel should be applied in these cases. *See, Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). "The circumstances of each case must provide the touchstone for decision." *Western Oil and Gas Assoc. v. Environmental Protection Agency*, 633 F.2d 803, 810 (9th Cir. 1980).

The Supreme Court, in *Parklane Hosiery, supra*, listed several factors which might make application of offensive collateral es-

toppel unjust in a particular case. None of those factors, however, is present here.

Applying collateral estoppel in the intervenors' cases "... will not here reward a private plaintiff who could have joined in the previous action...." *Parklane Hosiery Co., supra*, 439 U.S. at 332, 99 S.Ct. at 652. The intervenors could not have joined in the previous action because the court severed their actions from those of the remaining 12 consolidated plaintiffs. The severance of the intervenors' claims was not made on the intervenors' motion or urging, but was made by this court *sua sponte* under Rule 42(b), F.R.Civ.P. *See, Stoddard v. Ling-Temco-Vought, Inc.*, No. CV–72–1294–PGH (C.D.Cal. April 14, 1980).

Nor would applying offensive collateral estoppel in the intervenors' cases be unfair to defendants. First, defendants had every incentive to litigate the liability issue in the 12 consolidated cases "fully and vigorously". *Parklane Hosiery Co., supra*. At stake in the consolidated lawsuits were judgments in 12 wrongful death actions and potential aggregated liability for several million dollars in damages. Moreover, this court, in its order severing the intervenors' claims, stated that it would consider giving collateral estoppel effect to a judgment of liability in the 12 consolidated cases. Second, the judgment of liability in the 12 consolidated cases "... was not inconsistent with any previous decision." *Parklane Hosiery Co., supra*. Third and last, defendants would enjoy no procedural opportunities in intervenors' damage trials that were unavailable in the 12 consolidated actions "... of a kind that might be likely to cause a different result." *Parklane Hosiery Co., supra*. Trial both in the consolidated actions and in the intervenors' actions would be before the same court without a jury (or with an advisory jury).

Because none of the factors which would counsel against use of offensive collateral

*Brotherhood of Electrical Workers*, 634 F.2d 453, 457 (9th Cir. 1980). Where, as here, however, the cases are DOHSA actions, with the court's jurisdiction based in admiralty, the court must apply federal substantive law. "It

is settled that Congress intended that 'there be uniform construction [of the Act] without recourse to state law.'" *Petition of United States*, 418 F.2d 264, 270 n.4 (1st Cir. 1969) (citations omitted).

estoppel is present in these cases, the court shall apply collateral estoppel. Defendants, therefore, shall be collaterally estopped from relitigating the issue of their liability for the wrongful deaths of those on board the United States Air Force C–135B aircraft in the June 13, 1971 crash. The court shall grant intervenors' motion for partial summary judgment.

An appropriate order shall issue.

### FINDINGS OF FACT

1. This court, with an advisory jury, in *Stoddard, et al. v. Ling-Temco-Vought, Inc.,* Civ. No. 72–1294–PGH, tried 12 consolidated Death on the High Seas Act cases (hereinafter referred to as the "12 consolidated cases") on the issue of liability only. Defendants LTV, et al., were named defendants in all 12 of the consolidated actions. Defendant United States was defendant only in those actions brought by plaintiffs representing the heirs of civilian decedents, and not in those actions brought by plaintiffs representing the heirs of decedents who had been employees of the United States Government.

2. The consolidated actions were brought under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§ 761 *et seq.,* and the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, by the personal representatives of the estates of decedents, all of whom were killed as a result of the same June 13, 1971 crash of a United States Air Force C–135B aircraft.

3. The liability issue in the consolidated cases was tried to the advisory jury from April 21, 1980 through May 23, 1980.

4. The advisory jury returned a verdict on May 23, 1980, finding the respective defendants liable.

5. This court agreed with the conclusion of the advisory jury, found the respective defendants liable, entered judgment for plaintiffs, and issued its findings of fact and conclusions of law.

6. Each one of the 12 consolidated cases arose from the death of persons aboard the United States Air Force C–135B aircraft, as do the Hoar and Slagle cases, and the question of liability in the cases of intervenors Hoar and Slagle is identical with the question of liability in the 12 consolidated cases.

7. This court adopts by reference the numbered findings of fact and conclusions of law in the 12 consolidated cases, filed November 14, 1980, as findings of fact and conclusions of law in these actions brought by intervenors Hoar and Slagle.

8. This court has previously entered summary judgment for defendants LTV Aerospace Corporation and Vought Corporation on the claims of plaintiff-intervenor Hoar, holding that those claims against Hoar's employer were barred by a previous workmen's compensation settlement.

### CONCLUSIONS OF LAW

1. The judgments of liability in the 12 consolidated cases are final judgments on their merits for application of the doctrine of offensive collateral estoppel in these actions brought by intervenors Hoar and Slagle.

2. The liability issue decided in the 12 consolidated cases was identical with the liability issue in the Hoar and Slagle cases.

3. Defendants United States and LTV, et al., were parties to the prior adjudication establishing their negligence and liability for the plane crash which claimed the lives of the 12 plaintiffs' decedents.

4. The lawsuit in the 12 consolidated cases provided defendants with a full and fair opportunity for judicial resolution of the issue of their liability to the heirs of those on board the United States Air Force C–135B aircraft which crashed into the Pacific on June 13, 1971.

5. As explained in this court's memorandum granting plaintiffs-intervenors' motion for summary judgment, this is not a case in which plaintiffs-intervenors could have joined in the 12 consolidated actions or where application of offensive collateral estoppel would be unfair to defendants.

6. Defendants United States and LTV, et al., are collaterally estopped from deny-

ing liability to plaintiffs-intervenors Hoar and Slagle.

7. Summary judgment on the issue of liability only shall be entered for plaintiff-intervenor Slagle against all defendants and for plaintiff-intervenor Hoar against all defendants except LTV Aerospace Corporation and Vought Corporation.